J-E01003-15

2015 PA Super 128

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DOMINIC CALDWELL | |
| Appellant | No. 1191 EDA 2013 |

Appeal from the Judgment of Sentence of November 14, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007114-2011

BEFORE:  BOWES, DONOHUE, SHOGAN, LAZARUS, MUNDY, OLSON, WECHT, STABILE, and JENKINS, JJ.

CONCURRING OPINION BY WECHT, J.:                     **FILED MAY 29, 2015**

The conduct which led to Dominic Caldwell's conviction for aggravated assault and other crimes was wanton.  It was reckless.  It was dangerous.  It put lives at risk.  It deserved to be punished, and punished with severity. Did it merit a sentence that would result in confinement for over three decades, and perhaps for life?  Perhaps not.  I have my doubts.  But sentencing is vested in the sound discretion of the sentencing judge, and is assailable only for a manifest abuse thereof.  Accordingly, with considerable discomfort, I am constrained to concur.

Like the majority, I believe that Caldwell raises a substantial question that the trial court abused its discretion in ordering his sentences to run consecutively, with insufficient consideration of mitigating circumstances. **See Commonwealth v. Edwards**, 71 A.3d 323, 330-31 (Pa. Super. 2013). I am not entirely satisfied that the trial court fashioned a sentence that

adequately considered Caldwell's individualized rehabilitative needs and mitigating circumstances. I am concerned that the trial court's order is somewhat inconsistent internally, rejecting prospects for rehabilitation on the one hand, and ordering that Caldwell obtain his GED and job training on the other.

At sentencing, Caldwell was twenty-three years of age. He was sentenced in the aggregate to a minimum of thirty-one and a maximum of sixty-two years' incarceration. His earliest release date puts him on the street at fifty-four years of age; his maximum releases him at age eighty-five.

Our General Assembly instructs Pennsylvania Courts that: "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A trial court abuses its discretion when it orders an aggregate sentence that is "'clearly unreasonable' within the meaning of 42 Pa.C.S. § 9781(c)." **Commonwealth v. Coulverson**, 34 A.3d 135, 139 (Pa. Super. 2011) (vacating and remanding for resentencing where, *inter alia*, "90-year aggregate maximum potentially consigns a 19-year-old defendant with mental health problems to life in prison without even a nod to relevant sentencing factors"). **See also** 42 Pa.C.S.A. § 9781(c)(2) (stating that appellate court should vacate a sentence when "the sentencing court

sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable").

We have determined that a trial court oversteps its discretionary bounds by aggregating nonviolent offenses into what is effectively a life sentence. *See, e.g.*, *Commonwealth v. Dodge*, 957 A.2d 1198, 1200 (Pa. Super. 2008) (holding that life sentence for forty counts of receiving stolen property was excessive); *see also Commonwealth v. Dodge*, 77 A.3d 1263, 1278 (Pa. Super. 2013) (Wecht, J., dissenting).[1] On an individualized basis, we have extended this consideration to violent crimes, as well. *See Coulverson*, 34 A.3d at 139 (reversing eighteen- to ninety-year aggregate sentence for, *inter alia*, rape, sexual assault, and aggravated assault as excessive). As we explained in *Coulverson*:

> In accordance with our Supreme Court's pronouncement in [*Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007)], we acknowledge the inherent fluidity of the "reasonableness" inquiry as well as the nuanced discretion that hallmarks the sentencing process. *See* [*id.*] at 963. In accordance with our own decision in [*Commonwealth v. Dodge*, 957 A.2d 1198, 1200 (Pa. Super. 2008)], which applied *Walls* on remand, we also recognize that individualized sentencing remains the controlling norm of the sentencing process and that a sentence befitting one

---

[1] The Supreme Court of the United States has found that a trial court violated the Eighth Amendment when it ordered a defendant to serve a life sentence for nonviolent crimes. *See Solem v. Helm*, 463 U.S. 277 (1983) (holding that it was a violation of the Eighth Amendment to sentence a defendant to life for a seventh non-violent felony of writing a bad check for $100).

defendant may not befit another. Hence, in **Dodge**, we concluded that a sentence spanning the remainder of the defendant's life was "clearly unreasonable" within the meaning of **Walls** even though the defendant, at 42, had a long criminal history and was sentenced for multiple offenses. **See Dodge**, 957 A.2d at 1202. The circumstances underlying the defendant's crimes in **Dodge** do not inform our decision here, as the defendant had committed numerous property crimes rather than "crimes against the person." **Id.** at 1201. We do find guidance, however, in the panel's recognition that the trial judge imposed sentence not on a nuanced consideration of the statutory factors delineated in sections 9721 and 9781 but with "a fixed purpose of keeping Appellant in jail for his life." **Id.** In **Dodge**, as here, the trial court imposed sentences commencing in the standard range of the guidelines but ordered them to run consecutive to one another on 37 counts, rendering an aggregate sentence of 58 1/2 to 124 years' incarceration. **Id.** at 1200. Although the court had the benefit of a PSI report, as well as an ample opportunity to observe the defendant, and cited the defendant's failed history of rehabilitation, we found the court's sentencing decision "irrational" and "clearly unreasonable." **Id.** at 1202. Specifically citing the trial court's "fixed purpose of keeping Appellant in jail for his life," **id.** at 1201, we eschewed the court's excessive emphasis on retribution at the expense of other statutorily mandated considerations, **e.g.**, 42 Pa.C.S. [§] 9781(d)(1) ("The nature and circumstances of the offense and the history and characteristics of the defendant"), and remanded the matter for imposition of a truly individualized sentence shorn of the trial judge's evident agenda.

**Coulverson**, 34 A.3d at 147-48. "[T]he record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." **Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2006).

At sentencing, Caldwell's counsel reminded the court that "[h]e didn't shoot anybody. There was no serious bodily injury here." Notes of Testimony ("N.T."), 11/14/2012, at 22. Nonetheless, the court focused, not

unreasonably, on the "gun play, shooting a gun on the street. You could have killed someone. But for the grace of God [] no one was killed." *Id.* at 43; *see id.* at 44 ("But for the grace of God that no one is dead[.]"). The court then announced an aggregate sentence of thirty-one to sixty-two years' incarceration, and stated:

> I'm also ordering that you complete your GED program that you're already enrolled in. I think that's wonderful. I would like you to enter job training. If you can take all that energy that you gave today in court in speaking and use that when you apply for a job when you do get out and you will get out one day, you apply that energy into persuading a perspective [*sic*] employer I think you'll be fine with obtaining employment.

*Id.* at 47.

The sentencing court declared Caldwell incapable of rehabilitation. *Id.* at 45. It is difficult to reconcile a sentence bearing a minimum term of thirty-one years' incarceration with an order that Caldwell complete his GED and job training. Presumably, the GED and job training have some rehabilitative purpose. Or perhaps they are just calculated to keep Caldwell occupied. We do not know. The sentencing court does not tell us. At all events, I am hard-pressed to imagine what rehabilitative purpose Caldwell's job training may serve him upon release three decades from now at a minimum, if ever in his lifetime.

I believe that the sentence reflects the court's focus on the (thankfully unrealized) possibility that someone could have been killed by Caldwell's criminal actions. Perhaps the mandate for a GED and job training is a

backhanded or unstated nod to some hope for Caldwell's rehabilitation, or perhaps it is lip service, or surplusage. The record on this point is somewhat opaque.

Still in all, faithful to our precedent, I am unable to conclude that Caldwell's sentence is "clearly unreasonable" or that it represents a manifest abuse of discretion. **Compare Coulverson**, 34 A.3d at 147-48; **Malovich**, 903 A.2d at 1253; **Dodge**, 77 A.3d at 1278. As the learned majority observes, the sentencing court had the benefit of Caldwell's arrest record, a pre-sentence investigation, and Caldwell's allocution when fashioning his sentence. Maj. Opinion at 12-13. The record reflects that the sentencing court considered only a minimal amount of the appropriate sentencing factors specific to Caldwell and the facts at hand; nonetheless, minimal consideration is all that is required. **See Walls**, 926 A.2d at 963. Moreover, had the court further explained itself with appropriate deliberation and discussion on the record, Caldwell's sentence would have been neither excessive *per se* nor an abuse of discretion. I cannot conclude that, in this instance, the sentencing court violated the sentencing process or abused its discretion in fashioning Caldwell's sentence. The court's consideration of the relevant factors was minimal, as noted above. I consider the court's efforts barely adequate to affirm. But, as a matter of law, barely adequate is adequate enough.

Accordingly, I concur.