J-S48035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| :--- | :---: |
| Appellee | |
| v. | |
| BRITTANY ANN RASKOWSKY | |
| Appellant | No. 241 WDA 2015 |

Appeal from the Judgment of Sentence of January 9, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No.: CP-43-CR-0001680-2013

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED SEPTEMBER 22, 2015**

Brittany Ann Raskowsky appeals her January 9, 2015 judgment of sentence.  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On August 9, 2013, [Raskowsky] was operating a motor vehicle on Old Ash Road in Springfield Township, Mercer County just before midnight when she left the road.  She went approximately 240 feet off the road, through [two] fences before striking [three] people.  Instead of stopping, she continued on until the vehicle was stopped by witnesses.
>
> Austin Rife, age [fifteen], died as a result of being struck by [Raskowsky.]  His mother, Stephanie Rife, sustained a broken arm.  The third victim, Aimee Dibbs, sustained minor injuries.
>
> [Raskowsky's blood alcohol content] was 0.212%.
>
> [Raskowsky] was charged with homicide by vehicle-DUI related; homicide by vehicle; involuntary manslaughter; DUI; aggravated assault by vehicle-DUI related; aggravated assault by vehicle; aggravated assault; aggravated assault involving death or

personal injury; and [five] counts of recklessly endangering another person.

[Raskowsky] was ordered held for trial on all counts on November 21, 2013, following a preliminary hearing before Magisterial District Judge Lorinda Hinch.

On October 31, 2014, [Raskowsky] pled guilty to homicide by vehicle-DUI related; aggravated assault by vehicle-DUI related; and a consolidated count of recklessly endangering another person pursuant to an *Alford* plea.[1]

[Raskowsky] was sentenced on January 9, 2015 to not less than [three] years' imprisonment nor more than [eight] years on the charge of homicide by vehicle-DUI related; a consecutive sentence of not less than [two] years' imprisonment nor more than [eight] years on the charge of aggravated assault-DUI related; and a concurrent sentence of not less than [six] months' imprisonment nor more than [two] years on the charge of recklessly endangering another person. All [three] sentences were in the standard range of the sentencing guidelines.

Trial Court Opinion ("T.C.O."), 3/10/2015, at 1-2 (minor grammatical changes made for clarity).

On January 20, 2015, Raskowsky filed a post-sentence motion to modify her sentence, which the trial court denied on the same day.[2] On February 5, 2015, Raskowsky filed a notice of appeal. On February 6, 2015, the trial court ordered Raskowsky to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Raskowsky timely

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Raskowsky's post-sentence motion was timely, as January 19, 2015 was Martin Luther King Day.

complied. On March 10, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Raskowsky raises one issue for our review: "Whether the trial court abused its discretion in giving [Raskowsky] consecutive sentences?" Brief for Raskowsky at 5 (capitalization modified for clarity).

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517-18 (Pa. Super. 2007) (citation omitted).

The right to challenge the discretionary aspects of sentencing is not absolute. *Commonwealth v. Moury*, 992 A.2d 162, 169 (Pa. Super. 2010).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* at 170 (internal citations omitted).

Raskowsky has complied with the first two parts of the test by filing a timely notice of appeal and preserving the issue in her post-sentence motion. Raskowsky also has included a Pa.R.A.P. 2119(f) statement in her brief. Therefore, we must determine whether Raskowsky has raised a substantial question.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010) (citation omitted).

In her Rule 2119(f) statement, Raskowsky argues that her sentence is contrary to fundamental norms that underlie the sentencing process because the trial court imposed two of her sentences consecutively. She submits that this constitutes an abuse of the court's discretion. Therefore, she maintains that she has raised a substantial question, sufficient to invoke our jurisdiction. Brief for Raskowsky at 4.

> [T]he imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005), (citing *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995)). Long standing precedent of this Court recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively

- 4 -

to other sentences being imposed at the same time or to sentences already imposed. ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (citing ***Commonwealth v. Graham***, 661 A.2d 1367, 1373 (Pa. Super. 1995)). A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. ***Lloyd***, 878 A.2d at 873. "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." ***Hoag***, 665 A.2d at 1214.

However, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010). When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 588 (quoting ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010)).

***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014) (some citations omitted; footnote omitted).

In ***Commonwealth v. Dodge*** ("***Dodge I***"), 859 A.2d 771, 778 (Pa. Super. 2004),[3] Dodge was sentenced to a minimum of fifty-eight and one-half years' imprisonment for "two counts of burglary (neither of which

---

[3] Although the Pennsylvania Supreme Court vacated our opinion in ***Dodge I***, ***see Commonwealth v. Dodge***, 935 A.2d 1290 (Pa. 2007), we conducted the same analysis and reached the same conclusion regarding the substantial question inquiry in ***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008), and again in ***Commonwealth v. Dodge***, 77 A.3d 1263 (Pa. Super. 2013). In each instance, we concluded that Dodge's consecutive sentences were manifestly excessive, and, therefore, that he had raised a substantial question sufficient to invoke our jurisdiction.

involved violence toward a person), one count each of paraphernalia and possession of a small amount of marijuana, and [thirty-seven] counts of receiving stolen property." The thirty-seven counts of receiving stolen property accounted for fifty-two years, or eighty-eight percent, of the aggregate sentencing total. *Id.* at 779. Dodge was forty-two years old at the time of his sentencing. In concluding that his sentence raised a substantial question, we reasoned that his sentence effectively was a life sentence, as Dodge would be in prison until the age of 100. *Id.* When compared to the nature of the non-violent, petty theft crimes, this Court found Dodge's aggregate sentence to be manifestly excessive. Having found that Dodge raised a substantial question, we then reviewed the merits of his appeal.

This case in no way resembles the extreme circumstances in **Dodge**. Raskowsky's sentence is not manifestly excessive given her criminal conduct, which had fatal consequences. The trial court imposed consecutive standard-range sentences for homicide by vehicle DUI-related and aggravated assault by vehicle DUI-related. Based upon Raskowsky's aggregate sentence of five to sixteen years' imprisonment, she will be thirty-one years old when she is eligible for release. This does not equate to the "life-sentence" that we found problematic in **Dodge**.

A trial court's imposition of consecutive, rather than concurrent, sentences may raise a substantial question "only [in] the most extreme circumstances, such as where the aggregate sentence is unduly harsh

considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72. This case does not present such a circumstance. Raskowsky has not raised a substantial question that her sentence is contrary to the fundamental norms which underlie the sentencing process, and we do not reach the merits of her appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2015