Accordingly, I would affirm the Superior Court's order.

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Timothy DODGE, Appellant.**

Superior Court of Pennsylvania.

Argued May 13, 2003.

Filed Aug. 1, 2008.

Reargument Denied Oct. 2, 2008.

Leonard J. Frawley, Towanda, for appellant.

Stephen G. Downs, Asst. Dist. Atty., Towanda, for the Com., appellee.

BEFORE: STEVENS, LALLY–GREEN and KLEIN, JJ.

OPINION BY LALLY–GREEN, J.:

¶1 Appellant, Timothy Dodge, appeals from the trial court's February 19, 2002 judgment of sentence. We vacate and remand.

¶2 This appeal is before us on remand from our Supreme Court. In our prior opinion, we recited the relevant facts and procedural history:

The Court of Common Pleas of Bradford County convicted Appellant on 37 counts of receiving stolen property, two counts of burglary, criminal trespass, possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle.

On December 14, 1999, Pennsylvania State Trooper Russell Jenkins went to interview Appellant, at his home, in regards to an automobile accident. Trooper Jenkins detected a strong odor of marijuana on Appellant, and when Appellant refused to allow Jenkins to enter his home, Jenkins immediately obtained a search warrant for the residence and for Appellant's automobile. During the searches, the police discovered large amounts of stolen property in Appellant's residence and automobile. Appellant, who fled the jurisdiction, was ultimately arrested in Lancaster County, Pennsylvania in February 2000. At the time, Appellant was driving a stolen vehicle.

Criminal complaints were filed against Appellant in 2000 and ultimately consolidated for trial. Appellant's jury trial commenced on October 8, 2001. On October 19, 2001, Appellant was found guilty of the aforementioned charges. On February 25, 2002, the trial court sentenced Appellant to an aggregate sentence of 58½ to 124 years. On March 1, 2002, Appellant filed a post-sentence motion which was denied on March 8, 2002.

*Commonwealth v. Dodge,* 859 A.2d 771 (Pa.Super.2004), *appeal denied,* 584 Pa. 672, 880 A.2d 1236 (2005), *vacated and remanded,* 594 Pa. 345, 935 A.2d 1290 (2007).

¶3 Appellant received a lengthy aggregate sentence because the trial court chose to impose consecutive, standard range sentences on Appellant's convictions. The total aggregate sentence for the 37 counts of receiving stolen property was approximately 52½ to 111 years' incarceration, comprised of 37 consecutive, standard range, 17 to 36 month sentences. None of the offenses, including burglary, involved violence against a person.

¶4 In *Dodge,* this panel vacated Appellant's judgment of sentence as "clearly unreasonable" within the meaning of 42 Pa. C.S.A. § 9781(c)(2) and remanded for resentencing. We relied in part upon *Commonwealth v. Walls,* 846 A.2d 152 (Pa.Super.2004), *vacated and remanded,* 592 Pa. 557, 926 A.2d 957 (2007).[1] The Supreme Court, after it vacated *Walls,* vacated *Dodge* and remanded this matter to us for reconsideration in light of the Supreme Court's opinion in *Walls.*[2] We note that the trial court's original sentence has effectively remained intact throughout the ap-

---

1. We also cited *Commonwealth v. Caraballo,* 848 A.2d 1018 (Pa.Super.2004), *vacated and remanded,* 593 Pa. 658, 933 A.2d 650 (2007), another case the Supreme Court has remanded for reconsideration in light of *Walls.*

2. In *Dodge,* 859 A.2d at 775–776, we concluded that Appellant properly preserved his challenge to the discretionary aspects of his sentence and raised a substantial question. *Id.* at 775–776. Nothing in the Supreme Court's *Walls* opinion undermines those conclusions, and we will not revisit them here.

pellate process. The trial court has not re-sentenced Appellant.

¶ 5 On remand from the Supreme Court, Appellant once again argues that the trial court abused its discretion in imposing an excessive sentence. We will analyze Appellant's argument in light of the Supreme Court's analysis in *Walls*. We begin with the definition of abuse of discretion:

> Our Court has stated that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Walls*, 926 A.2d at 961 (internal citations and quotation marks omitted).

¶ 6 The sentencing court enjoys broad discretion in part because it has the opportunity to make in-person observations of the defendant. *Id.* at 962. The sentencing guidelines "inform" the trial court's sentencing decision rather than "cabin" it. *Id. see also Commonwealth v. Wilson*, 2008 PA Super 64, at ¶ 5, 946 A.2d 767. Moreover, the sentencing court must fashion a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

¶ 7 Where the sentencing court imposes a sentence within the guideline range, we must review to determine whether the trial court's sentence is "clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2).[3] An "unreasonable" decision from the sentencing court would be one that is " 'irrational' or 'not guided by sound judgment.' " *Walls*, 926 A.2d at 963, *quoting* The Random House Dictionary of the English Language, 2084 (2nd ed. 1987).

¶ 8 The reasonableness inquiry is to be a "fluid" one, based in part on the factors set forth in § 9781(d) of the sentencing code:

> **(d) Review of record.**—In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d); *Walls*, 926 A.2d at 963; *Wilson*, 2008 PA Super 64, at ¶¶ 7–8, 946 A.2d 767. In addition, a sentence may be unreasonable if the sentencing court fails to consider the factors set forth in § 9721(b). *Walls*, 926 A.2d at 964. The Supreme Court anticipated that reversal of a trial court's decision as "unreasonable" would occur "infrequently." *Id.*

---

**3.** We recognize that the sentence at issue in *Walls* was outside the guideline range and therefore subject to the "unreasonable" standard of § 9781(c)(3) rather than the "clearly unreasonable" standard of § 9781(c)(2). The *Walls* Court's method of applying the "unreasonable" standard is, nonetheless, highly instructive in the instant matter. *See also Commonwealth v. Moore*, 420 Pa.Super. 484, 617 A.2d 8, 12 (1992).

¶ 9 The Supreme Court emphasized that the guidelines are advisory and non-binding, and that the sentencing court is not required to impose the "minimum possible confinement" consistent with the guidelines. *Id.* at 965; *Wilson,* 2008 PA Super 64, ¶ 12–13, 946 A.2d 767. The Supreme Court rejected any notion that the trial court must sentence within the guidelines unless the circumstances are atypical of other, similar crimes. *Id.* at 966–967.

¶ 10 In vacating Appellant's sentence, we did not suggest that the trial court failed to impose the minimum possible confinement consistent with the sentencing guidelines. Also, we did not reason that the circumstances of Appellant's offenses were typical and thus did not warrant an extraordinarily long sentence. Rather, we reasoned that the Appellant, 42 years old at the time of sentencing, would remain in prison under the minimum term until age 100½. *Dodge,* 859 A.2d at 779. The minimum sentence for the receiving stolen property counts would, by itself, keep Appellant in prison until age 94. *Id.* Furthermore, much of the stolen property at issue was costume jewelry.[4]

¶ 11 We addressed the trial court's reasoning as follows:

First, the judge appears to have had a fixed purpose of keeping Appellant in jail for his life. [ . . . ] Second, while the trial court addressed the impact of the crimes on the victims and the community, the court does not, on the record, engage in a meaningful analysis of the gravity of the offenses. Here, the court imposed a minimum sentence of 52 years for 37 counts of receiving personal property, all property crimes, many of which involved property of little monetary value. These were not crimes against the person, and the two burglary convictions involved no violence involving a person. Third, while the trial court did address the recidivism of Appellant, it did not address the rehabilitative needs of Appellant. The record further fails to reflect whether this sentence was appropriate as a function of the particular circumstances of the offenses involved. We are thus constrained to conclude that the sentence was clearly unreasonable.

*Id.* at 781 (internal citations and quotation marks omitted).

¶ 12 We acknowledge that the sentencing court took account of the guidelines and the factors set forth in § 9721(b). We also acknowledge that the sentencing court had ample opportunity to observe Appellant, and the court had the benefit of a pre-sentence investigation report. The sentencing court noted that Appellant has been essentially a career criminal despite prior attempts at rehabilitation. Also, the court noted Appellant's lack of regard for the victims and for his family members, from whom he sought aid in evading the police. The sentencing court concluded

---

4.  We noted the following in *Dodge:*

> The record reflects that the stolen property . . . included medals, tools, guns, real and costume jewelry, among other items. Indeed, the Commonwealth produced as a witness a jeweler who testified that 90 [percent] of the jewelry he reviewed was costume jewelry with a value of less than $20.00 per item.

*Dodge,* 859 A.2d at 779 n. 10. We agree with the dissent that trafficking in illegal firearms is a serious matter. However, trafficking is not at issue in this case. The record makes clear that the vast majority of the stolen items at issue were not guns, but small personal items not associated with violent crime. The record reflects that three shotguns—two of them more than 50 years old—and one pellet gun were among the stolen property at issue. N.T., 10/11/01, at 50; N.T., 10/15/01, at 127–128; N.T., 10/16/08, at 59–60, 62; N.T., 10/18/01, at 80–81.

that long-term incarceration was appropriate.

¶ 13 We do not quibble with the sentencing court's conclusion that Appellant's multiple offenses and long criminal history warrant a lengthy period of incarceration. Nonetheless, the court did not acknowledge that its sentence essentially guarantees life imprisonment for Appellant. Likewise, the court did not acknowledge that the life sentence is comprised largely of consecutive sentences for receiving stolen costume jewelry. We acknowledge that many of the stolen items, though of little monetary value, were of significant sentimental value to the victims. The sentimental value of these items is an appropriate consideration in imposing a sentence. Nonetheless, we conclude that, based on the record before us, the trial court abused its discretion in imposing a life sentence for non-violent offenses with limited financial impact.

¶ 14 Thus, we again conclude that the sentencing court's exercise of discretion in imposing a life sentence was irrational, not guided by sound judgment, and therefore clearly unreasonable within the meaning of § 9781(c)(2). *See Walls,* 926 A.2d at 963. In reaching this conclusion, we do not disregard or overturn the sentencing court's findings of fact, per our Supreme Court's admonition in *Walls.* Rather, we reach a legal conclusion that, based on the facts before us, an aggregate sentence of 58½ to 124 years' incarceration is clearly unreasonable within the meaning of § 9781(c)(2). Accordingly, we vacate the judgment of sentence and remand for re-sentencing in accordance with this memorandum and our Supreme Court's opinion in *Walls.*[5]

¶ 15 Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

¶ 16 Judge STEVENS files a Dissenting Opinion.

DISSENTING OPINION BY STEVENS, J.:

¶ 1 After a careful review, and in compliance with the Supreme Court's decision in *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007), I would find the sentencing court properly exercised its discretion, and I would affirm Appellant's judgment of sentence. Therefore, I respectfully dissent.

¶ 2 The Supreme Court vacated this Court's previous opinion and remanded for consideration in light of *Walls.* Specifically, in *Walls,* the Supreme Court stated the following recitation of the proper standard of appellate review of a sentencing court's imposition of sentence:

The standard of review typically refers to the level of deference to be accorded a lower tribunal's decision. Our Court has stated that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. *Commonwealth v. Smith,* 543 Pa. 566, 673 A.2d 893, 895 (1996) ("Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion."). As stated in *Smith,* an abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion

5. In *Dodge,* Appellant argued that he did not receive the results of a court-ordered psychiatric evaluation in time to prepare for sentencing. We directed that, on remand, Appellant be provided any report in sufficient time to prepare for the new sentencing hearing, per Pa.R.Crim.P. 703. *Dodge,* 859 A.2d at 774–775. Our Supreme Court's opinion in *Walls* does not undermine that portion of the *Dodge* opinion. Therefore, that directive remains in effect.

unless "the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* In more expansive terms, our Court recently offered: "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Grady v. Frito–Lay, Inc.,* 576 Pa. 546, 839 A.2d 1038, 1046 (2003).

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin [*sic*] the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

As can be seen from the above, the abuse of discretion standard includes review of whether the judgment exercised was unreasonable. As more fully described below, the Sentencing Code sets forth a requirement of appellate review for whether a sentence outside of the guidelines is "unreasonable." 42 Pa. C.S.A. § 9781(c). Thus, the statutory unreasonableness inquiry is a component of the jurisprudential standard of review for an abuse of discretion.

\* \* \*

Thus, under the Sentencing Code an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is "unreasonable." 42 Pa.C.S.A. § 9781(c), (d).

Yet, what makes a sentence "unreasonable" is not defined in the statute. Generally speaking, "unreasonable" commonly connotes a decision that is "irrational" or "not guided by sound judgment." While a general understanding of unreasonableness is helpful, in this context, it is apparent that the General Assembly has intended the concept of unreasonableness to be a fluid one ... Indeed, ... it is clear that the General Assembly intended the concept of unreasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition.

Thus, given its nature, we decline to fashion any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines under Section 9781(c)(3). We are of the view, however, that the Legislature intended that considerations found in Section 9721 inform appellate review for reasonableness. That is, while a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, i.e., the protection of the public; the gravity of the

offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.

*Walls*, 592 Pa. at 564–65, 568–569, 926 A.2d at 961–64 (citations, quotation marks, quotations and footnotes omitted).

¶ 3 Applying the Supreme Court's clarification of the proper standard of review to the case *sub judice*, I conclude the Majority has impermissibly mischaracterized the sentencing court's decision and has substituted its own policy reasons in place of the careful exercise of discretion by the sentencing court. For example, the Majority indicates the sentencing court had an unjustified agenda designed to keep Appellant in prison for life, and the Majority holds Appellant's sentence is clearly unreasonable on the basis Appellant's crimes were lacking in violence[6] and resulted in the stealing of mostly costume jewelry. Under our standard of review, as clarified by *Walls*, I conclude the Majority has again erred in undertaking this analysis and ignores the dictates of our Supreme Court.

¶ 4 Specifically, here the sentencing court properly took into account the requirements in Subsection 9721(b) that the sentence must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Thus, Appellant's sentence is appropriate in light of the nature and circumstances of the offense and the history and characteristics of Appellant. Clearly, the sentencing court did not make a decision that is "irrational" or "not guided by sound judgment." *Walls, supra.*

¶ 5 Despite acknowledging that the sentencing court specifically noted that Appellant has been a career criminal,[7] that Appellant has not responded positively to rehabilitation, that Appellant has no regard for the victims or his family, that Appellant evaded the police, and that Appellant was captured while driving a stolen vehicle, the Majority inexplicably concludes Appellant's sentence was "clearly unreasonable."

¶ 6 To the contrary, I find the sentencing court made a sentencing decision which was individualized to Appellant, and the sentencing court relied upon permissible sentencing factors in so doing. The Majority is attempting to substitute its own policy considerations that somehow it is "clearly unreasonable" *per se* for a trial judge to impose a strict sentence on a

---

**6.** As I stated in my previous dissent to the Majority's previous Opinion:

> While Appellant was not convicted of any crimes of violence, the Majority ignores the fact that among the stolen property received by Appellant were firearms. The traffic in illegal firearms, and the violence caused by those in possession of illegal firearms, is a serious problem in our society. Appellant's role in that traffic and its facili-

tation of violence crimes should not be minimized.

*Commonwealth v. Dodge*, 859 A.2d 771, 785 n. 17 (Pa.Super.2004) (Stevens, J., dissenting), *vacated and remanded*, 594 Pa. 345, 935 A.2d 1290 (2007) (*per curiam* order).

**7.** Appellant's crimes for the charges at issue occurred over many months and encompassed two states, with several counties within Pennsylvania.

career criminal simply because the criminal commits crimes against property.

¶ 7 The fact Appellant's crimes did not yield him a great financial gain and did not result in physical violence does not justify the legal conclusion that the sentencing court abused its discretion in imposing its sentence. Indeed, the Majority has exceeded its appellate review in offering personal viewpoints about the appropriate lengths of sentences for certain crimes. In addition, the Majority has denigrated the seriousness of property offenses and ignores the fact Appellant received a lengthy sentence not because he committed property offenses but, rather, because Appellant made a career of committing such offenses without any showing he was amenable to rehabilitation.

¶ 8 Moreover, I disagree with the Majority's repeated emphasis on the fact Appellant's crimes had "limited financial impact" because the items stolen consisted largely of costume jewelry. First, there is no indication Appellant knew the items were "costume jewelry" and not monetarily valuable items when he stole them. Second, the Majority's conclusions are dismissive toward the victims of the crimes. While the Majority summarily acknowledges the jewelry stolen by Appellant had sentimental value to the victims, I conclude the Majority has not taken into account the fact the sentencing court carefully considered the impact Appellant's crimes had on the victims. For example, the sentencing court observed that "victim after victim took the stand and broke down because of the sentimental value of many of these things that were taken." N.T. 2/19/02 at 28–34. That is, the sentencing court, who did not review a "cold record," observed the "flesh-and-blood people" standing before it. This is precisely the advantage the sentencing court enjoys and which is discussed in *Walls*.

¶ 9 The Supreme Court concluded in *Walls* that "we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently...." *Walls*, 592 Pa. at 569, 926 A.2d at 964. I do not share that confidence if the Majority's analysis becomes law.

¶ 10 As I find the Majority has again usurped the sentencing court's discretion by reversing the decision of the sentencing court, I dissent.