J-S17015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROY M. SMITH, | |
| Appellant | No. 4089 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):   CP-51-CR-0003869-2016

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 3, 2019**

Appellant, Roy M. Smith, appeals from the judgment of sentence of an aggregate term of 7 to 22 years' imprisonment, imposed after he was convicted of one count each of possession of a firearm by prohibited person (18 Pa.C.S. § 6105(a)(1)), firearm not to be carried without a license (18 Pa.C.S. § 6106(a)(1)), and carrying a firearm on public streets or public property in Philadelphia (18 Pa.C.S. § 6108).  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

The underlying facts of this case have been summarized by the trial court as follows:

> On April 1, 2016, at approximately 2:05 a.m., Lieutenant Medina (first name not given) was on routine patrol and stopped at a traffic light at the 4700 block of Bleigh and Torresdale Avenues in Northeast Philadelphia when he observed [Appellant] adjust his pants[,] thereby causing a silver handgun to fall from his

waistband. [Appellant] then picked up the firearm and put it back into his waistband. Lieutenant Medina radioed for back-up and effectuated an arrest of [Appellant]. A David Industries .32 caliber semiautomatic gun loaded with one magazine of six live rounds was recovered from [Appellant]. It was later revealed that [Appellant] had been intoxicated and had earlier attempted to get into a bar when the firearm had dropped out of his pants. No injuries to patrons had resulted.

Trial Court Opinion ("TCO"), 6/18/18, at 2 n.1.

On March 13, 2017, Appellant entered an open plea of *nolo contendere* to the crimes stated *supra*. The trial court accepted his plea and deferred sentencing pending a pre-sentence investigation ("PSI") report and mental health evaluation. *Id.* at 1-2. Appellant was sentenced to an aggregate term of 7 to 22 years' imprisonment on May 11, 2017.[1] On May 22, 2017, Appellant filed a motion for reconsideration of his sentence, which was denied by the trial court on November 16, 2017.

Appellant filed a timely notice of appeal on December 18, 2017, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents the following sole issue for our review:

Did not the lower court err and abuse its discretion by imposing an unreasonable and excessive sentence, taking into consideration the circumstances of the case, where [Appellant] pled no contest to the offenses and where the court imposed

_____

[1] Appellant was sentenced to consecutive terms of 3½ to 10 years' incarceration on the charge of possession of a firearm by a prohibited person, 2½ to 7 years' incarceration on the charge of carrying a firearm without a license, and 1 to 5 years' incarceration on the charge of carrying a firearm on a public street or public property in Philadelphia. *Id.* at 2 n.2.

consecutive sentences for essentially the same criminal act of possession of a firearm?

Appellant's Brief at 3.

Appellant's single issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, it is clear that Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a separate, concise Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. We, therefore, proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the *Moury* test.

As we explained in *Moury*:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted). "[T]his Court does not accept bald assertions of sentencing errors. An appellant must articulate the reasons the sentencing court's actions violated the sentencing code." *Id.* (internal citations omitted).

In his Rule 2119(f) statement, Appellant broadly contends that his aggregate sentence is "excessive under the circumstances of [his] case[.]" Appellant's Brief at 12. While he acknowledges that each individual sentence is within the statutory sentencing guidelines, Appellant argues that his maximum aggregate sentence far exceeds the maximum sentence that could have been imposed for any one of the individual charges for which he was convicted. Appellant also suggests that his maximum sentence is extreme "for what was essentially one act," which constituted "a nonviolent possessory offense." *Id.* at 12-13.

Based on Appellant's Rule 2119(f) statement, we conclude that Appellant has failed to raise a substantial question. Appellant does not claim that any of the individual sentences imposed for his three convictions were excessive or in violation of the sentencing code. His excessiveness claim is solely premised, rather, on the fact that the court imposed his sentences

consecutively. "Under 42 Pa.C.S.[] § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Moury*, 992 A.2d at 171. *See also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (noting that this Court has consistently recognized that excessiveness claims premised on the imposition of consecutive sentences do not raise a substantial question for our review). "The imposition of consecutive, rather than concurrent, sentences *may* raise a substantial question *in only the most extreme circumstances*, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-72 (emphasis added). Instantly, Appellant has failed to demonstrate that such extreme circumstances exist.[2]

Appellant was convicted of three distinct firearms charges, for illegally possessing a loaded gun on the public streets of Philadelphia, while intoxicated and attempting to enter a bar. Appellant is not entitled to a "volume discount" on his multiple convictions by the imposition of concurrent sentences. *See*

---

[2] Appellant's citation to *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa. Super. 2008), in support of his position that his challenge to the consecutiveness of his sentences raises a substantial question for the purpose of appellate review is inapposite. The defendant in *Dodge* was sentenced to an aggregate term of 58½ to 124 years' imprisonment after he was convicted of numerous, largely property offenses. While the challenge to the sentencing court's exercise of discretion in *Dodge* was viewed as raising a substantial question, the facts in the present case simply do not inure such a finding. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010) (recognizing *Dodge* as an "extreme case").

*Commonwealth v. Foust*, 180 A.3d 416, 434-35 (Pa. Super. 2018). The record also indicates that Appellant has an extensive history of violent crime. Based on the foregoing, we do not consider Appellant's sentence to be unduly harsh and, therefore, we conclude that Appellant has failed to raise a substantial question.

Even if we were to determine that Appellant has raised a substantial question, we would conclude his allegations are meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> ***
>
> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a [PSI] report … , we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Instantly, Appellant acknowledges that his three convictions do not merge for sentencing purposes.[3] Yet, Appellant insists that "the lower court punished [him] three times for what was essentially one act—possession of a handgun." Appellant's Brief at 17. Contrarily, as stated *supra*, each of Appellant's convictions required proof of elements separate and distinct from possessing a firearm, *i.e.*, conviction of an enumerated offense, lack of a valid license, carrying a firearm on the public streets or public property of Philadelphia. Thus, Appellant's argument would be deemed meritless.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement. Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Radecki***, 180 A.3d at

---

[3] Pursuant to 42 Pa.C.S. § 9765, "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." ***See also Commonwealth v. Dixon***, 997 A.2d 368, 381-82 (Pa. Super. 2010) (affirming that sentences for violations of Section 6105(a) and Section 6106(a) are not appropriate for merger, whereas each section contains a statutory element that the other does not: "Under § 6105, the Commonwealth need not prove that the defendant lacks a valid license. Rather, it must only prove that [the defendant] was convicted of an enumerated offense. Similarly, Section 6106(a) contains a statutory element that § 6105(a) does not: namely, lack of a valid license."). Moreover, a violation of Section 6108 requires a defendant to carry a weapon on the public streets or public property of Philadelphia, a requirement not present under Sections 6105 or 6106. ***See Commonwealth v. Baldwin***, 985 A.2d 830, 83-34 (Pa. Super. 2009); 18 Pa.C.S. §§ 6105, 6106, 6108. Thus, merger is prohibited in this case.

470 (internal citations and quotation marks omitted). An appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently. *See Commonwealth v. Hoag*, 65 A.2d 1212, 1214 (Pa. Super. 1995).

Not only did the trial court have the benefit of a PSI in the instant matter, it expressly stated that it considered all of the appropriate relevant factors in the following portion of its Rule 1925(a) opinion:

> Appellant had … a prior record score of five (5) and was sentenced to an aggregate minimum of seven (7) years of imprisonment for carrying a firearm when he was ineligible, unlicensed, and in Philadelphia. The aggregate sentence was within the range recommended by the guidelines and the statute.
>
> Moreover, the transcribed record reflects that the recommended sentencing guidelines and all relevant sentencing factors as required by 42 Pa.C.S. § 9721(b) had been duly considered before imposition of sentence. Having previously directed the completion of [a PSI] from the Philadelphia Probation Department and [a] [m]ental [h]ealth [e]valuation by the First Judicial District Mental Health Unit on the date of entry of the plea, this [c]ourt incorporated and referenced thorough consideration [all] of the data contained within each assessment. The protection of the public as well as the gravity of the offense as it relates to the impact on the community were prioritized. Furthermore, this [c]ourt factored into its decision, Appellant's rehabilitative needs or prospects of rehabilitation.
>
> ***
>
> In the instant matter, individualized[,] consecutive[,] standard[-range] sentences upon [Appellant] were imposed only after careful consideration of all relevant sentencing factors including the paramount need for protection of the public, the gravity of the offense, and Appellant's poor prospect of rehabilitation…. The imposition of consecutive terms for separate crimes with different statutory elements of proof constituted a proper exercise of sentencing discretion.

TCO at 8-10.

The following colloquy of the court, during which it was addressing Appellant at the close of the sentencing hearing, further evidences its proper consideration of the appropriate factors before sentencing Appellant:

> **THE COURT:** I did review all of the reports in reference to you, sir, and I took particular note with respect to the somewhat unusual factual scenario that brought you before this [c]ourt. I'm very, very concerned about you because based upon the information provided to me, … it's apparent to me that you are a potential danger both to yourself as well as to other folks around you. And your contact with the criminal system has been over a long period of time and[,] at times[,] quite violent, which is obviously a concern.
>
> You have a significant history of mental health since your teen years. At various points in time, you were diagnosed [with] either post-traumatic stress … and/or bipolar disorder. You reported to the evaluators a horrendous experience growing up. Your substance abuse and alcohol abuse included … daily use[] of alcohol to an extreme degree, marijuana, cocaine. The fact that at age 48 you began smoking K2 because you were on probation to hide it is indicative of what's going on with you.
>
> I did note some of your arrests were because you were so intoxicated. Your juvenile record began in 1982 at the age of 15 for which you were … adjudicated delinquent of … rape, which was extremely violent. I note with some dismay that there was no following immediate commitment of you. They simply placed you on intensive probation.
>
> Your adult record began in 1988[,] shortly thereafter[,] at the age of 21. You have had 21 arrests, 6 convictions, 4 commitment[s], 1 commitment on contempt of court – that's the least of your difficulties – and 1 conviction of [a] summary offense. The conviction for the aggravated assault did involve your use of [a] straight razor to slash the victim's head, face, and chest requiring 50 stitches to close and severe blood loss [was] suffered.
>
> Within your incarceration, … I note that there were at least two misconducts, including threatening an employee with harm for which you received [] 60 days of disciplinary custody. Your

- 9 -

respective moves throughout the prison system are noted. The probation officer noted that you are a significant risk for incurring future offenses and violating whatever conditions are imposed by the [c]ourt. I think that's putting it mildly. You have previously violated the court supervision with absconding and continued arrests and/or convictions.

\*\*\*

You're too old for this.

\*\*\*

I mean, you're now 49 years old, sir. I note with some great deal of dismay the lengthy time period. I'm not talking to a young fella at the age of 15 who is a thing of the past. I'm talking to a 49-year-old man. The last thing you should have been near is a firearm, let alone trying to get into a bar with one.

The risk and catastrophe matter…. Well, long story short, my prevailing thought process at this point in time has to be protection of the public from you.

I note that this offense occurred while you were under supervision at Horizon House to the extent as described by your caseworker. That wasn't good enough.

N.T. Sentencing, 5/11/17, at 17-20.

After careful review of the record, we are convinced that the court fashioned an individualized sentence taking into account all of the statutory factors, the above-stated circumstances of Appellant's current case, and his criminal history, as well as the significant risk that Appellant poses to public safety when not incarcerated. Thus, we would ascertain no abuse of discretion in the ultimate sentence imposed by the court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/19