J-A04043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK PARKS | : | |
| | : | |
| Appellant | : | No. 963 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 31, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-0004035-2019

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 14, 2022**

Derrick Parks appeals the judgment of sentence entered following his conviction for Persons Not to Possess Firearms.[1] He challenges the weight of the evidence and discretionary aspects of his sentence. We affirm.

On November 9, 2019, around 12:30 am, while on patrol, Officers Kevin Van Horn and Quentin Cornelius heard one gunshot. N.T., Trial, 3/2/21, at 40, 68-69. The officers separated in their vehicles. Officer Cornelius saw a male and asked if he heard anything, and the male said that it came from the alley. *Id.* at 69-70, 93-94. Officer Cornelius went in that direction and saw Parks, whom he told to stop. *Id.* at 70-71, 80-81. Parks ran in the opposite direction. *Id.* Officer Cornelius pursued Parks and radioed to Officer Van Horn that Parks was running with his hands in his pocket. *Id.* at 71. Officer Cornelius

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

eventually lost sight of Parks. Officer Van Horn met Parks on another street. Officer Van Horn exited his vehicle and ran after Parks. *Id.* at 42-43. Parks continued to run, apologizing to the officer. *Id.* at 43. Officer Van Horn shoved Parks to the ground and arrested him. *Id.* at 43-44. Officer Van Horn recovered a .22-caliber revolver in the area where Parks fell after encountered Officer Van Horn. *Id.* at 45-46. The revolver had four live rounds in it and one spent casing. *Id.* at 45. After arresting Parks, Officer Cornelius informed Officer Van Horn that Parks had his hands in his pockets when he initially encountered him. *Id.* at 45, 71-72.

Officers tested Parks for gunshot residue and obtained a warrant to collect his DNA. *Id.* at 75-77, 92-93. A forensic DNA scientist testified that there was an insufficient amount of DNA taken from Parks to swab the gun. *Id.* at 116, 125-26.

Parks proceeded by way of a jury trial. The Commonwealth presented the bodycam footage of Officer Van Horn, still photographs from the bodycam footage, the testimony of the officers, and the testimony of an expert in gunshot residue analysis. The expert in gun residue testified that there were particles characteristic of gunshot residue on Parks' left and right palms and the back of his right hand. *Id.* at 135-36. The expert concluded that Parks had recently handled or discharged a firearm, was close to a firearm being discharged, or encountered an item that contained gunshot residue. *Id.* at 137. The parties stipulated Parks had a conviction for possession with intent

to deliver a controlled substance and that it was a charge punishable for more than two years. *Id.* at 8-9, 63-66.

The jury found Parks guilty of persons not to possess a firearm. The trial court held a sentencing hearing and imposed a standard-range sentence of seven to 16 years' incarceration. The court imposed the sentence based on the Pre-Sentence Investigation Report ("PSI"), Parks' prior record score of five and offense gravity score of 11, and "the fact that [Parks] was on state parole for a prior conviction of Persons Not to Possess at the time he committed this offense." Order and Reasons, filed 4/19/21, at ¶ 5. The court also noted that it "weighed the necessary factors and imposed a standard range sentence after appropriate consideration of the seriousness of the offense[.]" *Id.* at ¶ 6. Parks filed a post-sentence motion challenging the weight of the evidence and argued that the trial court failed to consider his rehabilitative needs and imposed an excessive sentence. The court denied the motion and this appeal followed.[2]

Parks raises the following issues:

1. Did the trial court err in denying [Parks'] post-sentence motion for a new trial because the verdict is against the weight of the evidence?

---

[2] Counsel filed an "Amended Notice of Appeal" in the trial court stating that the appeal was from the denial of the post-sentence motion. However, in a criminal case, the "appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." *Commonwealth v. Shamberger*, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*).

2. Did the trial court abuse its discretion during sentencing when it failed to consider [Parks'] rehabilitative needs?

3. Is [Parks'] sentence unduly harsh and excessive and contrary to the fundamental norms of the sentencing process?

Parks' Br. at 2 (suggested answers omitted).

For his first issue, Parks challenges the weight of the evidence. He argues that "the physical evidence contradicts the [o]fficers' testimonies and resulted in a verdict based on pure conjecture that shocks one's sense of justice." *Id.* at 13. He alleges that the testimony of the officers was contradictory and that the gun residue evidence was confusing and speculative.

The weight of the evidence is for the finder of fact, which can believe all, some, or none of the evidence and determine the credibility of witnesses. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). A trial court should grant a motion challenging a verdict as against the weight of the evidence "only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011). An appellate court reviews a challenge to the trial court's denial of a weight challenge for an abuse of discretion. *See Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa.Super. 2017).

Parks argues that the verdict was contrary to the weight of the evidence because the officers never saw him with a weapon and the evidence was allegedly contradictory. He also argues that there are several ways his actions could have been interpreted on the night in question, including that he had

his hands in his pockets because it was cold outside, and that the gun residue on his hands could have resulted from him falling to the ground, his contact with the officers, being placed in handcuffs, or being placed in a police vehicle. Parks' Br. at 12. He also alleges that if he had a weapon in his pocket, he would have been running rather than walking when he initially came in contact with Officer Cornelius. *Id.*

The trial court rejected Parks' weight challenge. It explained that "the jury had sufficient evidence to support its conviction of [Parks] based upon the video and photographic evidence introduced at trial and the supporting testimony of the Commonwealth's witnesses, even if we accept [Parks'] argument that the gun residue evidence be considered inconclusive." Order and Reasons at ¶ 8.

We find no abuse of discretion in this regard. The jury sitting as fact-finder heard the testimony of both officers who encountered Parks on the night in question. It also heard testimony from the gun residue expert. While Parks claims that the testimony of the officers was contradictory, any alleged contradiction was in the purview of the jury to resolve, in either believing all, part, or none of the testimony. Additionally, Parks alleges that it is clear that the evidence presented by the gun residue expert was confusing and speculative because of the questions submitted by the jury during their deliberation. Parks' allegation is speculative. We cannot assume the reasoning behind the questions presented from the jury during their deliberation. Nonetheless, the jury as fact finder had the right to accept or reject the

testimony of the gun residue expert regarding the gun residue found on Parks. The record reflects that the jury weighed the evidence presented to it and concluded that Parks possessed a firearm. The trial court did not abuse its discretion in determining Parks' weight of the evidence claim lacked merit.

Parks' remaining issues challenge the discretionary aspects of his sentence. He argues that the trial court abused its discretion by failing to consider his rehabilitative needs and by imposing an unduly harsh and excessive sentence. He maintains that his sentence "serves no purpose but to punish him for exercising his right to go [to] trial." Parks' Br. at 16.

There is no automatic right to appeal discretionary aspects of sentencing. *See Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa.Super. 2013). Instead, we must first determine whether the appellant: 1) timely filed a notice of appeal; 2) preserved the issue in a post-sentence motion or at sentencing; 3) included a Pa.R.A.P. 2119(f) statement in the brief; and 4) raised a substantial question. *See id.*

Parks has met all the above requirements. He filed a timely notice of appeal, preserved the challenge to his sentence in a post-sentence motion, and included a Rule 2119(f) statement in his brief. He also raises a substantial question: that the court failed to consider his rehabilitative needs and imposed a sentence meant to penalize him for exercising his right to trial. *See Commonwealth v. Derrickson*, 242 A.3d 667, 680 (Pa.Super. 2020) (finding claim that trial court failed to consider relevant sentencing criteria, including the defendant's rehabilitative needs, presented a substantial

question) (citation omitted); ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (stating claim that trial court considered decision to proceed to trial as sentencing factor raised a substantial question). We now address the merits of Parks' sentencing claims.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa.Super. 2006) (citation omitted). An abuse of discretion exists where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

Parks maintains that the trial court failed to consider his rehabilitative needs. Parks' argument on this issue contains three sentences. He does not allege what these needs are and does not cite any portion of the sentencing hearing transcript that would support such a claim. Though he cites case law, he does not conduct a legal analysis to explain how these cases support his argument before this Court. ***See*** Parks' Br. at 15 (citing ***Commonwealth v. Coulverson***, 34 A.3d 135, 147 (Pa.Super. 2011), and ***Commonwealth v. Dodge***, 957 A.2d 1198, 1200 (Pa.Super. 2008)). He makes no attempt to show that the cases he cites, in view of the facts of his case, warrant reversal. As such, we find that Parks has waived this claim due to his failure to develop his argument. ***See*** Pa.R.A.P. 2119(a) (stating argument should include "discussion and citation of authorities as are deemed pertinent");

***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) ("We shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem [the] issue waived").

Moreover, even if it were not waived, we would on the present record reject Parks' claim. The trial court had a PSI, which it presumptively considered, and it said at sentencing that it was imposing sentence after it "weighed the necessary factors," which would include Parks' need for rehabilitation.

Parks also alleges that the trial court considered his decision to proceed to trial as a sentencing factor and imposed an unduly harsh and excessive sentence. He cites case law stating that the decision to go to trial "is not a proper factor for the court to consider in fashioning its sentence." Parks' Br. at 16 (citing ***Moury***, 992 A.2d at 170). However, as with the previous claim, Parks does not direct this Court to any portion of the record that would support his claim that the court considered his decision to go to trial. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2022</u>