J-S41004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA SUE STROUSE | : | |
| | : | |
| Appellant | : | No. 1071 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001890-2018

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED:  MARCH 3, 2023**

Linda Sue Strouse appeals from the judgment of sentence, entered in the Court of Common Pleas of Lycoming County, following her open guilty plea to fourteen counts of forgery,[1] seven counts of theft by unlawful taking or disposition,[2] two counts of theft by deception,[3] and one count each of identity theft[4] and access device fraud.[5]  After review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 4101.

[2] *Id.* § 3921.

[3] *Id.* § 2933.

[4] *Id.* § 4120.

[5] *Id.* § 4106.

These offenses stem from Strouse's misappropriation of funds belonging to her mother-in-law. The trial court summarized the facts as follows:

> Throughout the years 2016 to 2018, [Strouse] came to know the victim, who was over 80 years old, when [Strouse] married the victim's son and began living with them. [Strouse] took over the management of the victim's money and began spending it on new items such as vehicles, a pool, a camper, and an expensive wedding[,] as well as opening credit cards in the victim's name. A total of 63 checks were forged or signed by the victim through deceit and made payable to [Strouse] with the money being taken out of the victim's bank accounts such that the account balances totaling almost $47,000[.00] in 2016 had balances of $0.00 at the time this investigation began in 2018. The check amounts [Strouse] wrote to herself range from $6,000[.00] to $200[.00]. The total amount of the checks [Strouse] wrote herself is over $60,000[.00]. [Strouse] a[lso] opened a Discover credit card in [the victim's] name and charged a total of $5,012[.00] to it. [Strouse] also purchased furniture and an air conditioning unit in [the victim's] name, totaling $3,527.70.

Trial Court Opinion, 1/12/22, at 5 (unpaginated).

On January 4, 2019, Strouse was charged with 124 counts of theft and forgery related charges. On April 12, 2021, the charges were reduced to 25 counts. On June 7, 2021, Strouse entered an open guilty plea to all 25 counts and on September 2, 2021, the court sentenced her to an aggregate term of 50 to 100 months' incarceration. The trial court also ordered Strouse to pay $72,471.70 in restitution. Strouse filed a timely post-sentence motion, which was denied. Strouse did not file a direct appeal.

On March 10, 2022, Strouse then filed a motion under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of her direct appeal rights, *nunc pro tunc*, and an amendment

to her sentencing order finding that she is RRRI[6] eligible.[7]  On July 19, 2022, the court entered an order reinstating Strouse's appellate rights and amending her sentence to make her RRRI eligible.  This timely appeal followed.  Both Strouse and the trial court have complied with Pa.R.A.P 1925.

Strouse raises one issue for our review:  "Whether the sentencing court abused its discretion by imposing a manifestly excessive sentence without sufficiently considering the fundamental norms underlying the sentencing process."  Appellant's Brief, at 7.

Strouse raises a challenge to the discretionary aspects of her sentence, from which there is no automatic right to appeal.  *See Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013).  Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider her brief on this issue as a petition for permission to appeal.  *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997).  Prior to reaching the merits of a discretionary aspects of sentencing issue,

> [this Court conducts] a four-part analysis to determine:   (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

---

[6] Recidivism Risk Reduction Incentive (RRRI) enables non-violent offenders to reduce their minimum sentences if they complete recommended programs, maintain good conduct and remain misconduct free during their incarceration.  *See* Department of Corrections RRRI, Access here: https://www.cor.pa.gov/About%20Us/Initiatives/Pages/RRRI.aspx, last visited 2/10/23.

[7] The Commonwealth did not oppose the reinstatement of Strouse's appellate rights and agreed she is RRRI eligible.

sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Presently, Strouse filed a timely notice of appeal and preserved her issues in a post-sentence motion for reconsideration. Further, Strouse's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of her sentence pursuant to Rule 2119(f). Thus, we must determine if Strouse raises a substantial question.

A substantial question exists when "the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Austin*, 66 A.3d 789, 808 (Pa. Super. 2013). Additionally, "we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018).

Strouse's Rule 2119(f) statement and questions presented on appeal allege that the sentencing court abused its discretion where the consecutive nature of the sentence made the sentence excessive and violates the fundamental norms underlying the sentencing process. Appellant's Brief, at 13. In *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013) (*Dodge III*), this Court stated,

- 4 -

> [A] defendant may raise a substantial question where he believes consecutive sentences within the guideline ranges of the case involves circumstances where the application of the guidelines would be clearly unreasonable []; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. []
>
> [W]e look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable.

*Id.* at 1270. Instantly, Strouse's claim is plausible inasmuch as she avers that the sentence is manifestly unreasonable due to her history, age, lack of prior record, rehabilitative needs and mental and physical health issues. Appellant's Brief, at 13-14. Accordingly, we conclude she has raised a substantial question and will proceed to address the merits of this claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, an appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008).

Pursuant to 42 Pa.C.S.A. § 9721, it is within a trial court's discretion to impose sentences of imprisonment consecutively or concurrently to one another. That decision will not be disturbed absent a finding of manifest excessiveness of an aggregate sentence. 42 Pa.C.S.A. § 9721(a). Additionally, in fashioning a sentence, the trial court shall consider the gravity of the offense, the defendant's rehabilitative needs, the impact of the

defendant's actions on the victim and the community, and the need to protect the public. ***Id.*** at § 9721(b).

In ***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008) (***Dodge II***), this Court determined that a minimum sentence of 52½ years' incarceration for a 42-year-old, making defendant at minimum 100½-years-old upon release, for 37 theft crimes was excessive. ***Id.*** at 1201. The ***Dodge II*** Court stated, "the [trial] court did not acknowledge that its sentence essentially guarantees life imprisonment." ***Id.*** at 1202. Additionally, although the defendant was a career criminal and had little success in past rehabilitation efforts, the property stolen (costume jewelry) had little monetary value, below $20.00 per item, and all 37 crimes were non-violent. ***Id.*** The Court also acknowledged that the items were of significant sentimental value to the victims, an appropriate consideration in imposing a sentence. ***Id.***

Here, in fashioning Strouse's sentencing the trial court considered the following: Strouse pled to only 25 counts from what was originally a 124-count information; Strouse obtained 63 separate checks from the victim's bank account, which were either forged by Strouse or signed by the victim under deceptive circumstances; Strouse opened two lines of credit in the victim's name without the victim's knowledge or permission; Strouse used the stolen money to purchase luxuries, such as a pool and a camper, rather than necessities; and Strouse destroyed the victim's financial situation, as well as that of the victim's family. Trial Court Opinion, ***supra*** at 5-6 (unpaginated).

Similar to **Dodge II**, Strouse committed various non-violent theft crimes. However, unlike **Dodge II**, Strouse's sentence does not essentially guarantee life imprisonment. Strouse was sentenced to an aggregate term of 50 to 100 months' incarceration (roughly 4 to 8 years'), which would make Strouse at most 71 years old upon release. Additionally, these theft crimes, taken together, have a significant monetary value. Strouse stole over $72,000.00 from her mother-in-law, who is over 80 years old. Moreover, Strouse was entrusted to take care of the victim's finances and this position of trust was severely abused where, instead of protecting her mother-in-law's finances, Strouse chose to steal the victim's money and spend it on luxury items.

In light of the foregoing, we conclude the trial court did not manifestly abuse its discretion in fashioning Strouse's sentence. **Sheller**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/03/2023