J-S15004-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY DEAN KRAUSE | : | |
| | : | |
| Appellant | : | No. 931 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 26, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000769-2018

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    FILED APRIL 07, 2020

Appellant, Timothy Dean Krause, appeals from the judgment of sentence of an aggregate term of 7 to 40 years' incarceration, imposed after he pled guilty to 22 counts of misdemeanor and summary offenses, including endangering the welfare of a child, simple assault, terroristic threats, and recklessly endangering another person.  Appellant solely challenges the discretionary aspects of his sentence.  We affirm.

The trial court summarized the facts and procedural history of this case, as follows:

> The case at bar involves the pervasive and severe abuse by [Appellant] ... against his six adopted children (LAK - sixteen years old; JLK - fifteen years old; MPK - fourteen years old; IDK - fourteen years old; RSK - thirteen years old; MJK - twelve years old) ("children").[1] The abuse occurred between 2011 and 2018. No trial was held, but [Appellant] entered an open plea of guilt

_____

[*] Former Justice specially assigned to the Superior Court.

and accepted all the facts in the affidavit of probable cause as set forth below. [Appellant] and his wife regularly referred to their children as "niggers." [Appellant] and his wife beat their children with paddles, a walking stick, a board and back scratchers. The paddle would be used to beat the children upon the buttocks until they bled through their underwear. The walking stick was used to beat the children on their heads, leaving lumps and knots. The board was used to beat their hands until their knuckles would bleed. The backscratcher was used by [Appellant] to abuse one child so severely he had black and blue marks that had to be treated with lotion for weeks. The children would be forced to do 'Halfways,' which involved standing against the wall with their knees bent for extensive periods of time. The children were malnourished and deprived of food for lengthy periods of time as punishment. A few of the children were fed only eggs and water for weeks as punishment. [Appellant] and his wife used the family dogs to bite the children as they were being punished, and many of the children still have scars from said abuse as the wounds went untreated. The children had their heads thrown into the wall. The children were additionally threatened with axes and guns. All six children slept in the same room, two of which had to sleep on the floor on one [half-]inch thick mattress. All of the children were homeschooled, and when examined at Geisinger Medical Center, it was determined that they were lacking in academics and [were] at least 1 [to] 2 years behind.

[1] This [c]ourt notes that this is a companion case to that of Barbara Jean Krause, CP-17-CR-770-2018. [Mrs. Krause also filed an appeal from her judgment of sentence, which is docketed at 933 WDA 2019.]

On April 22, 2019, [Appellant] entered an Open Plea of Guilt, which provided the [s]entencing [c]ourt full discretion in determining sentencing, to one [c]ount of Endangering the Welfare of Children (Misdemeanor of the First Degree), one [c]ount of Conspiracy to Endanger the Welfare of Children (Misdemeanor of the First Degree), two counts of Simple Assault (Misdemeanor of the First Degree), two [c]ounts of Terroristic Threats (Misdemeanor of the First Degree), four counts of Simple Assault (Misdemeanor of the Second Degree), six count[s] of Recklessly Endangering Another Person (Misdemeanor of the Second Degree), and six counts of Harassment (Summary Offense). The standard [sentencing guideline] range for Endangering the Welfare of a Child and Conspiracy to Endanger

the Welfare of a Child is Restorative Sanctions [to] nine months[' incarceration]. The aggravated range is nine ... [to] twelve months[' incarceration]. The Probation [O]ffice recommended twelve ... [to] forty-eight months[' incarceration], consecutive for each charge. This [c]ourt agreed with the Probation [O]ffice's recommendation. The standard [sentencing guideline] range for Simple Assault (Misdemeanor of the First Degree) is Restorative Sanctions [to] three months[' incarceration]. The aggravated range is three ... [to] six months[' incarceration]. The Probation [O]ffice recommended six ... [to] forty-eight months[' incarceration], consecutive. This [c]ourt agreed with the Probation [O]ffice's recommendation. The standard [sentencing guideline] range for Terroristic Threats (Misdemeanor of the First Degree) is Restorative Sanctions [to] one month [incarceration]. The aggravated range is one ... [to] four months[' incarceration]. The Probation [O]ffice recommended four ... [to] twenty-four months[' incarceration], consecutive. This [c]ourt agreed with the Probation [O]ffice's recommendation. The standard [sentencing guideline] range for Simple Assault (Misdemeanor of the Second Degree) is Restorative Sanctions [to] one month [incarceration]. The aggravated range is one ... [to] four months[' incarceration]. The Probation [O]ffice recommended four ... [to] twenty-four months[' incarceration], consecutive. This [c]ourt agreed with the Probation [O]ffice's recommendation. The standard [sentencing guideline] range for Recklessly Endangering Another Person is Restorative Sanctions to one month [incarceration]. The aggravated range is one ... [to] four months[' incarceration]. The Probation [O]ffice recommended four ... [to] twenty-four months[' incarceration], consecutive. This [c]ourt agreed with the Probation [O]ffice's recommendation. The Harassment charge is a summary offense[,] so a $1.00 fine was imposed.

At the original sentencing hearing, it was determined that [Appellant] had a prior record score of [zero]. Defense [c]ounsel argued that the [c]ourt should ignore the [Probation Office's] recommendation and instead sentence [Appellant] within the standard range. To support this request, [d]efense [c]ounsel stated that there were previously aggravated charges, and those were dropped in negotiations during the guilty plea arrangement. The [c]ourt took this testimony under advisement, and subsequently [Appellant] was sentenced in accordance with what is enumerated above. In making its determination, this [c]ourt listed the violation of the parent/child trust, the severity and

nature of the charges, and the young ages of the victims as reasons for the imposition of the aggravated sentencing range.

On May 2[1], 2019, a Post[-]Sentence Motion to Modify Sentence was heard before the [c]ourt. At that hearing, [d]efense [c]ounsel argued the [sentences] were not individualized, not necessary to protect the public, did not address the rehabilitative needs of [Appellant], [were] not proportionate to [the] reasons stated for [sentencing in the] aggravated range, [constituted] essentially a life-term, and … that the reasons cited [by the court for imposing the sentences were already] incorporated in the sentencing guidelines. The Commonwealth argued that the sentence was within the [guideline] range. Additionally, the Commonwealth argued that the actions by [Appellant] were a course of conduct that lasted seven years and targeted six children. The Assistant District Attorney ("ADA") noted that this was not an isolated incident, and that the children had numerous scars from [Appellant's] consistent conduct. The ADA further argued that due to the nature of the relationship between [Appellant] and the victims, as that of a father and his children, this case involved the betrayal of trust. Finally, the ADA argued that Simple Assault could be proven with far less than [what] occurred in this case. Slapping a child in the face once would support a Simple Assault charge, but beating children until they bleed makes the nature and severity of these charges warrant the aggravated range in this case. Upon consideration of all the testimony and evidence, the Motion for Modification was denied.

Trial Court Opinion (TCO), 8/14/19, at 1-4.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on August 14, 2019.

Herein, Appellant states two issues for our review:

1. Whether the trial court failed to adequately consider the sentencing guidelines when fashioning the sentence imposed.

2. Whether the trial court imposed a sentence that is unreasonable and excessive under the circumstances of the case and the fundamental norms of sentencing.

Appellant's Brief at 7.

Appellant's issues are interrelated and, thus, we will address them together. Both of his claims implicate the discretionary aspects of his sentence. We have explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant has satisfied the procedural prerequisites for raising and preserving his discretionary-aspects-of-sentencing claims. In his Rule 2119(f) statement, he contends that the court's sentence is excessive in light of the fact that he pled guilty to only misdemeanor charges, and he has no prior record. He also claims that "the trial court applied the sentencing guidelines in a formulistic manner by sentencing to the maximum of the aggravated range of the sentencing guidelines on each and every count." Appellant's Brief at 14. Appellant insists that "[t]he combination of excessive consecutive sentencing and merely formulistic consideration of the sentencing guidelines should be found to raise a substantial question." Id.

We consider Appellant's claims as constituting substantial questions for our review. See Commonwealth v. Felmlee, 828 A.2d 1105, 1107 (Pa. Super. 2003) (en banc) ("[The a]ppellant's claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question."). However, Appellant has not demonstrated an abuse of discretion by the sentencing court. See Moury, 992 A.2d at 169 ("[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.") (citation omitted). As this Court explained in Moury:

> [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly

unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

Id. at 169-70 (citations omitted).

Here, in explaining its rationale for imposing aggravated range, consecutive sentence, the trial court explained:

[T]his [c]ourt looked at the sentencing guidelines for the standard range, and did not deem it appropriate for this individual case. The severity and nature of the abuse laid on these children weighed towards granting a sentence in the aggravated range. [Appellant] chose to adopt these six children and provide a home for [them]. With that choice[] comes responsibility, and [Appellant] abused that responsibility. He not only refused to adequately feed and educate his children, but he subjected them to incredible punishment and abuse. These children were threatened with deadly weapons, beaten until they bled, and [Appellant] did not even take them to have their wounds treated once the harm occurred. Additionally, these children were at impressionable and vulnerable ages. The youngest of the children was twelve years old. Based on these considerations, this [c]ourt made its determination regarding sentencing, and [Appellant] has not met his burden of proving this [c]ourt abused its discretion.

* * *

A. The sentences were individualized[.]

It appears to this [c]ourt that the argument that the sentencing was not individualized results from an assumption that because [Appellant] and his wife both received the same

- 7 -

sentences, they could not have been individualized.[1] That is not the case. Here, a husband and wife, the parents of the six victim children, were charged with the same crimes. [Appellant] and his wife acted together to create the conditions and impose the punishments that ultimately resulted in their appearance before this [c]ourt. Additionally, when arguments were presented by defense counsel for [Appellant] and his wife, defense counsel referred to each other and incorporated each other's statements into each[ other's] own argument before this [c]ourt. This exemplifies how inter-connected these two [d]efendants are in this case. It naturally follows that the sentence[s] would reflect that. This [c]ourt individually examined and heard from each [d]efendant's counsel, and based on that information, this [c]ourt chose to sentence [Appellant] and [his wife] with the same sentences. Therefore, while the [Appellant's] sentence was the same as his wife's, this [c]ourt came to that decision after individual analysis of the facts before it and did not abuse its discretion.

B. The sentence was necessary to protect the public[.]

The nature and severity of these crimes shocked the conscience of this [c]ourt. These six children were brutalized. The crimes were violent and persisted for seven years. This [c]ourt determined that the aggravated sentences were appropriate to protect the public from these violent criminals and did not abuse its discretion.

---

[1] We note that Appellant now argues on appeal that his sentences were not individualized because at each count, the court imposed the guidelines' maximum, aggravated-range term. This claim was not explicitly raised in Appellant's Rule 1925(b) statement, and the trial court did not address it in its opinion. Therefore, we deem this specific argument waived. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). We also deem waived Appellant's claim, raised for the first time in his Argument section, that the court improperly "considered the gravity of the more serious, felony allegations which were withdrawn." Appellant's Brief at 17. This claim was not raised in his post-sentence motion, Rule 1925(b) statement, or Rule 2119(f) statement. Therefore, it is waived.

C. The sentence considered the rehabilitative needs of [Appellant.]

There was minimal testimony provided to persuade this [c]ourt that [Appellant] would be able to rehabilitate himself. [Appellant] submitted to the [c]ourt one statement acknowledging his love of his children and a brief apology. This [c]ourt did not find that [Appellant] exhibited remorse for his actions, and the fact that not only would [Appellant] beat his children, but he would threaten them with deadly weapons, and refuse to seek treatment for their injuries, established to this [c]ourt that [Appellant] would need a significant amount of time incarcerated in order to be rehabilitated. Based on these factors, and the lack of any mitigating argument provided by defense counsel, this [c]ourt did not abuse its discretion.

D. The sentence imposed was proportional to the charges, and the reasons cited are not incorporated into the guidelines[.]

It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Commonwealth v. Simpson, 829 A.2d 334[, 339] ([Pa. Super.] 2003) [(citation omitted)]. However, this [c]ourt is permitted to use factors already included in the guidelines if they are used to supplement other extraneous sentencing information. [Id.] at 340 [(citation omitted)]. Here, the young ages [of the victims], betrayal of parent/child trust, and nature and severity [of the offenses] are not considered in the sentencing guidelines, and therefore, this [c]ourt did not use factors already included. Even if the nature and severity were included [in the guidelines], the young ages and betrayal of parent/child trust are extraneous sentencing information that would supplement the factors already included in the guidelines. Therefore, this [c]ourt has not abused its discretion.

E. The sentence is not essentially a life-term, and if it was, the violent nature of the crimes warranted the sentence.

[Appellant] is fifty-three years old. He was sentenced to seven [to] forty years of incarceration for his crimes. This would give [Appellant] the opportunity to be released on parole after seven years. Being released at sixty years old is hardly a life sentence.

Even if it is determined that this was essentially a life term, this [c]ourt has made clear that the nature and severity of these

violent crimes warrants a lengthy sentence behind bars. While it is possible that [Appellant] could die behind bars, his age alone is not a significant factor to warrant a lessened sentence. In [Commonwealth v. Dodge, 957 A.2d 1198 (Pa. 2008)], the Court held that imposition of a life sentence for nonviolent offenses with limited financial impact was clearly unreasonable. However, that is not the nature of this case. The crimes were violent and [were committed] against multiple victims. The sentences are additionally within the sentencing guidelines. Therefore, this [c]ourt did not abuse its discretion.

TCO at 5-9 (some citations omitted).

Based on the court's discussion, we discern no abuse of discretion in Appellant's sentence. The court offered multiple reasons for imposing consecutive, aggravated-range sentences for each of Appellant's misdemeanor offenses, and it clearly considered the requisite statutory factors, the particular circumstances of this case, and the mitigating factors of Appellant's age and lack of a prior criminal record. The court determined that a lengthy term of incarceration was warranted due to the gravity of Appellant's crimes, the need to protect the public from his violent criminal propensities, and to best serve Appellant's rehabilitative needs. We do not agree with Appellant that his sentence of 7 to 40 years' incarceration for his 7 years of violent abuse towards his six adopted children is excessive. The court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2020