J-S18028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON GRANT | : | |
| | : | |
| Appellant | : | No. 490 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 8, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001863-2019

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JULY 30, 2021**

Appellant Brandon Grant appeals from the judgment of sentence entered on January 8th, 2021 in the Delaware County Court of Common Pleas after he was convicted of aggravated assault of a victim less than 13 years of age, where the defendant is 18 or older.[1]  Appellant claims the sentencing court erred in imposing a sentence of 8 to 16 years of imprisonment and denying his post-sentence motion for modification of his sentence.[2]

The trial court recounted the facts as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(9); several related charges were dismissed at the same time as the entry of Appellant's plea.

[2] We remind counsel that an appeal lies from the judgment of sentence, not the denial of post-sentence motions.  ***See Commonwealth v. Shamberger,*** 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).

On November 15th, 2018, members of the Upper Darby Police Department along with emergency medical personnel were dispatched to . . . respond to a reported fall involving an infant. The caller, later identified as [Appellant], reported his three (3) month old daughter (B.G.) rolled out of bed and impacted a hardwood floor. Paramedics transported the child to Delaware County Memorial Hospital for evaluation.

Upper Darby Police Officer Kevin Gambler continued the investigation at Delaware County Memorial Hospital. Emergency room nurses reported B.G. sustained a punctured lung and bruises on the mid to lower back and buttocks. These injuries were not consistent with the mechanism of injury [as] initially relayed by [Appellant]. Due to the significant nature of the injuries, B.G. was transported to the Children's Hospital of Philadelphia.

Upper Darby Police interviewed [Appellant] on November 16, 2018. [Appellant] completed a written statement in which he confirmed he was sleeping in a bed with B.G. and woke to hear the child crying and now positioned on the floor rather than the bed. The child's grandmother later returned home, noticed B.G. was making odd gurgling sounds and inquired if there was a medical issue with the child. [Appellant] explained what had happened and the child's mother . . . was contacted.

Upper Darby Police interviewed a treating physician at the Children's Hospital of Philadelphia (CHOP) who confirmed the mechanism of injury offered by [Appellant] was not a plausible explanation for the medical findings. While under observation at CHOP on November 16, 2018, B.G. exhibited acute mental status changes, respiratory distress, and bloody secretions. B.G. was diagnosed with pneumomediastinum (a condition in which air is present in the mediastinum or the space in the chest between the two lungs), periportal edema, and extensive pattern bruising to [the back, flank, and buttocks]. These injuries are typically produced by blunt force trauma with differential diagnoses considered to rule out other causes of injury. The CHOP physician confirmed the bruising exhibited on B.G. would not be expected from a short fall as initially described by [Appellant]; however, that pattern of bruising is consistent with inflicted blunt force trauma.

[Appellant] agreed to provide a second statement at the Upper Darby Police Department's Detective Division. [Appellant] was

read **Miranda**[3] warnings and agreed to speak with law enforcement after reviewing and executing the Advisement of Rights form. [Appellant] informed law enforcement B.G.'s mother left the house on November 15, 2018 at 6:30 a.m. and the child was healthy and uninjured at that time. [Appellant] advised he was sleeping next to B.G. when she woke up. He carried the infant with him as he prepared a warm bottle for the child. While carrying B.G., [he] struck his left foot against the bottom of a doorway causing B.G. to fall from his arms onto the floor.

This alternative account of the fall was relayed to a physician at CHOP. Once again, the physician confirmed this second version of the mechanism of injury did not comport with the physical injuries exhibited by B.G. [Appellant] was arrested and subsequently charged with [several offenses].

On November 6, 2020, [Appellant] entered a plea of *nolo contendere* to the sole charge [of] 18 Pa.C.S. § 2702(a)(9), Aggravated Assault – Victim Less Than 13 and Defendant 18 or Older, with credit for all time served. The Commonwealth and [Appellant] further agreed the November 20, 2018 Affidavit of Probable Cause would serve as the factual basis for Appellant's *nolo contendere* plea and for purposes of that plea the Commonwealth would be able to sustain its burden of proof as to [the sole charge]. The November 20, 2018 Affidavit of Probable Cause was admitted . . . without objection.

At [a] hearing on November 6, 2020, [Appellant] was questioned on the record regarding his decision to enter an open plea of *nolo contendere*. As counsel for [Appellant] and counsel for the Commonwealth did not reach an agreement on the sentence to be imposed, the trial court would ultimately impose a sentence. [Appellant] acknowledged the sole charge . . . was a felony of the first degree.

[Appellant] confirmed on the record that by entering the *nolo contendere* plea he was facing a potential maximum sentence of up to twenty years in jail and a $25,000[ ] fine. Additionally, [he] agreed the Commonwealth had offered a negotiated plea of seven to fourteen years of incarceration, but [he had] rejected that offer. [Appellant] acknowledged at sentencing the Commonwealth

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

would likely ask the trial court to impose a sentence **greater** than seven to fourteen years.

[Appellant] was on state parole at the time of his arrest on November 20, 2018. Therefore, if the trial court were to accept a *nolo contendere* plea, that plea would likely be considered a violation of the terms of [his] state parole sentence. [He] understood the ramifications of the parole violation and requested the trial court accept his *nolo contendere* plea. The remaining charges levied against [him] were dismissed and this matter was scheduled for sentencing. In advance of sentencing, the sentencing court ordered a Pre-sentence Investigation report including a Substance Abuse Evaluation, Psychological Evaluation[,] and if recommended, a Psychiatric Evaluation. The court encouraged trial counsel to submit sentencing guideline recommendations.

Prior to the January 8, 2021 sentencing hearing, counsel for [Appellant] and counsel for the Commonwealth each submitted a sentencing memorandum. [Appellant] suggested the sentencing court should sentence [him] to a term of probation conditioned on "time served", along with the successful completion of drug and mental health treatment. The Commonwealth requested the trial court sentence [Appellant] to nine to twenty years of incarceration.

[Appellant] was sentenced on January 8, 2021. At sentencing, [Appellant] first challenged the Commonwealth's assertion that his prior record score of 5 is appropriate and argued juvenile adjudications should not be considered by the sentencing court.

In support of its sentencing argument, the Commonwealth prepared and submitted a historical compilation of Appellant's [history of arrests and convictions]. [That submission] provided the following salient criminal history:

| DATE OF ARREST/ INCIDENT | AGE OF Δ AT TIME OF ARREST/INCIDENT | LEAD CHARGE(S) | OUTCOME | SENTENCE (WHERE APPLICABLE) |
|---|---|---|---|---|

| Date | Age | Charge | Disposition | Notes |
|---|---|---|---|---|
| 3/27/99 | 15 | Theft, criminal trespass | Not adj del | |
| 9/6/00 | 16 | Theft (F3)/PIC | Adj del of Felony theft | Defendant was adj del of theft F3 |
| 11/16/00 | 16 | PWID | Adj Del | Def was adj del of PWID |
| 08/22/01 | 17 | Theft | Unknown | |
| 9/14/01 | 17 | PWID | Adj Del | Def was adj del of PWID |
| 9/10/03 | 19 | Robbery | Ple[ ]d guilty simple assault, resisting arrest | Defendant sentenced to 2 years' probation, defendant violated on 3/6/09, violated again on 6/14/12, violated again on 12/10/13, violated again on 10/16/14 |
| 9/14/05 | 21 | DUI, simple assault | Found guilty DUI | Defendant sentenced to 3 days – 6 months inc. |
| 11/9/06 | 22 | Burglary | Withdrawn | |
| 1/21/07 | 22 | Robbery | Withdrawn | |
| 8/24/07 | 23 | Possession | Withdrawn | |
| 10/4/07 | 23 | PWID/Corruption of Minors | Ple[ ]d guilty to PWID and CMOM | Sentenced to 1.5-3 years and 5 years' probation, probation violated on |

| | | | | 9/14/11, violated again on 6/14/12, violated again on 12/10/13, violated again on 10/16/14 |
|---|---|---|---|---|
| 4/23/13 | 29 | Robbery (F3) | Ple[ ]d guilty | Defendant sentenced to 11.5-23 months + 2 years' probation; probation violated 10/16/14 |
| 11/20/18 | 34 | Aggravated Assault (F1) current case | Ple[ ]d guilty | Awaiting sentence |

The Commonwealth argued that to exclude a juvenile offense from the prior record score calculation, [Appellant] must have been fourteen years old or younger at the time of his adjudications and remain crime free for a period of ten years prior to his 28th birthday. This did not occur as Appellant was either found guilty or entered guilty pleas on three separate occasions (simple assault, DUI, PWID) during the relevant time period. Counsel for [Appellant] conceded the above-referenced recitation of [Appellant's] prior criminal history is accurate. Based on the review of [this criminal history] by the sentencing court in light of 204 Pa.C.S. § 303.6, Prior Record Score – Prior Juvenile Adjudications, the sentencing court determined the prior record is appropriately graded at 5.

The Commonwealth asked the court to sentence [Appellant] to a term of nine years . . . to twenty years of incarceration. The Commonwealth agreed this sentence was in the aggravated range as the sentencing guidelines for this offense are eighty-four months to one hundred and two months (84-102). The Commonwealth argued the event at issue was particularly heinous given the age of the victim, the nature of the injuries and [Appellant's] relationship to the victim. The Commonwealth made

specific reference to [Appellant's] twenty (20) year criminal history. Finally, the Commonwealth asserted [Appellant] has failed to accept responsibility for his conduct causing harm to a child.

Counsel for [Appellant] argued the court should impose a sentence of probation, conditioned upon [Appellant] having been confined for more than two years since his arrest in this case. [Appellant] addressed the court at sentencing. He admitted he lied to law enforcement during the investigation of this matter. [He] requested leniency of the sentencing court to permit him to reengage with his child.

The court sentenced [Appellant] to a period of confinement for the minimum period of eight years (96 months) with credit for the time he served in confinement from November 20, 2018 to January 8, 2021, to a maximum period of sixteen years in a state correctional institution. Any contact by [Appellant] with the victim will be governed by Delaware County Children and Youth Services. The sentencing court noted [Appellant's] allocution was diametrically opposed to the record of the horrific injuries as confirmed by the photographs [submitted by the Commonwealth]. The minor child has overcome these physical injuries due to the gifted medical intervention of doctors and first responders. It is the hope of the sentencing court through this sentence, together with the diagnostic and treatment care [Appellant] will receive, that one day [he] will speak candidly with his child about the incident.

On January 15, 2021, Appellant filed a Post-Sentence Motion for Reconsideration of Sentence which was denied by Order dated January 22, 2021. The instant appeal followed.

Trial Ct. Op, 3/25/21, at 1-12 (citations to the record omitted).[4]

On appeal, Appellant raises the following issue for our review:

Whether the sentencing court erred by imposing a sentence of 8 to 16 years imprisonment and by denying [A]ppellant's post-

_____

[4] Although Appellant posed this appeal as arising from denial of his post-sentence motion (*see* fn. 2, *supra*), his notice of appeal was nevertheless timely, as he filed it on February 5, 2021, fewer than 30 days after imposition of sentence on January 8th.

sentence motion for modification of his sentence which was unduly harsh, manifestly excessive, and/or not otherwise appropriate under the sentencing code?

Appellant's Brief at 4.

Appellant argues that the sentencing court erred by imposing a sentence of 8 to 16 years of imprisonment and denying his post-sentence motion for modification of his sentence. In his argument, Appellant relies on *Commonwealth v. Gaddis*, 639 A.2d 462, 469 (Pa. Super 1995), expressing that a sentence will be "disturbed" if it "exceeds statutory limits or is 'manifestly excessive.'" Appellant's Brief at 10. Appellant further summarizes *Gaddis* to state that a sentence will be vacated "when there is evidence that the sentencing court arrived at a manifestly unreasonable decision." *Id.*

Appellant also relies on *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003), arguing thereunder "where there is evidence that the sentencing court arrived at a manifestly unreasonable decision, the sentence will be vacated." Appellant's Brief at 10. He further summarizes *Mouzon* to hold that, when determining if a sentence should be considered manifestly excessive, a court "must measure factors as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference." *Id.* at 10-11.

Finally, Appellant relies on *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), which states that "a [sentencing] court is required to

consider the particular circumstances of the offense and the character of the defendant." Appellant's Brief at 11. Appellant further argues through **Griffin**, "the [sentencing] court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation." **Id***.*

To the contrary, the Commonwealth of Pennsylvania argues that the trial court "properly exercised its discretion when it imposed a standard range guideline sentence of from 8 to 16 years of imprisonment." Commonwealth's Brief at 6. The Commonwealth further claims the sentencing issue is waived, because Appellant has not complied with the requirements of Pa.R.A.P. 2119(f). **Id.** Relying **on Commonwealth v. Kiesel**, 854 A.2d 530, 553 (Pa. Super. 2004), the Commonwealth argues that the Court is "precluded from reviewing the merits of the claim" and "the appeal must be denied" when an appellant fails to comply with Pa.R.A.P. 2119(f). Commonwealth's Brief at 7.

The Commonwealth further argues that Appellant "failed to set forth a substantial question regarding the discretionary aspects of the sentence imposed", instead merely asserting the sentence imposed was "unduly harsh, and/or excessive and not otherwise appropriate under the Sentencing Code". **Id**. at 8. The Commonwealth relies on **Commonwealth v. Andrews**, 213 A.3d 1004, 1017 (Pa. Super. 2019), summarizing this holding by stating that an "appellant's claim of an unduly harsh and excessive sentence, without more, does not present a substantial question" and that a "bald claim of excessiveness does not present a substantial question." Commonwealth's

Brief at 8. The Commonwealth also relies on *Commonwealth v. DiSalvo*, 70 A.3d 900, 903 (Pa. Super. 2013), to argue that this Court has previously ruled that "claims of inadequate consideration of mitigating circumstances do not constitute a substantial question." Commonwealth's Brief at 8.

We review the sentencing court's determination in imposing sentence for an abuse of discretion. (*Commonwealth v. Bradley,* 237 A.3d 1131, 1140 (Pa. Super. 2020) citing *Commonwealth v. Dodge*, 957 A.2d 1198, 1200-01 (Pa. Super. 2008). An abuse of discretion is "more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will". *Id.* An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion. *Id.*

Here, Appellant challenges the discretionary aspects of his sentence. As observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

- 10 -

*Id.* at 170 (citation omitted).

Appellant satisfies the first two elements of the four-part test, as he filed a timely notice of appeal and preserved the issue in a post-sentence motion. However, Appellant failed to follow the requirements of Pa.R.A.P. 2119(f) in his Brief, as he did not provide in "a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence" immediately preceding the merits argument. *See* Pa.R.A.P. 2119(f). His appeal, thus, must fail, as the Commonwealth objects on the basis of Rule 2119(f)'s requirements. *See* Commonwealth's Brief at 7; *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (where the Commonwealth objects, omission of a Rule 2119(f) statement precludes review).

Further, we observe that even if the Commonwealth's objection did not preclude review, Appellant fails to present a substantial question and this appeal must fail. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the process." *Commonwealth v. Bradley*, 237 A.3d 1131, 1138 (Pa. Super. 2020) (citation omitted).

Appellant was sentenced to a period of confinement for a minimum period of eight years (96 months), along with credit for the two years served

in confinement (from November 20th, 2018 to January 8th, 2021), to a maximum period of sixteen years in a state correctional institution. Trial Ct. Op. at 11-12; see also Judgment of Sentence, 1/8/21. This sentence imposed by the trial court was within the applicable statutory limits and also within the Pennsylvania Sentencing Guidelines' standard range of 84 to 102 months. (1/08/2021 N.T., p. 9).

In imposing a sentence, the sentencing court must consider the factors set forth in 42 Pa.C.S. § 9721(b) – "the protection of the public, gravity of the offense in relation to the impact on victim and community, and rehabilitative needs of defendant." *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted). The terms of Appellant's sentence were consistent with the protection of the public, the gravity of such an offense as it relates to the impact on a minor victim and the community, and Appellant's rehabilitative needs. It was imposed after the trial court had the opportunity to review the result of its presentence investigation. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999), *as revised* (Nov. 10, 1999) (citation omitted). Appellant has not established that the sentence imposed, a guidelines sentence, was "the result of partiality, prejudice, bias, or ill-will", nor that it is inconsistent with the law.

- 12 -

***Commonwealth v. Bradley,*** 237 A.3d 1131, 1140 (Pa. Super. 2020).

Therefore, this appeal must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021