J-A18042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :

          v.                    :
                                    :
                                    :

DANIEL WILLIAM HEIDLER           :
                                    :

        Appellant             :      No. 1376 WDA 2021

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000358-2020,
CP-62-CR-0000364-2020

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :

          v.                    :
                                    :
                                    :

DANIEL W. HEIDLER                :
                                    :

        Appellant             :      No. 1377 WDA 2021

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000358-2020,
CP-62-CR-0000364-2020

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: NOVEMBER 17, 2022**

      Daniel W. Heidler appeals from the judgment of sentence imposed following his open guilty pleas to offenses stemming from his operation of a methamphetamine lab, his possession of a stolen firearm and ATV, and his high-speed flight from the police. Heidler claims the sentence is excessive and

clearly unreasonable, and that the court failed to consider his rehabilitative needs and the non-violent nature of the offenses. We affirm.

The trial court summarized the underlying facts as follows.

> Between June 27, 2020[,] and July 7, 2020, law enforcement was informed that [Heidler] was allegedly operating a methamphetamine lab in Warren County. Police found that [Heidler] was in possession of methamphetamine, numerous drug paraphernalia used to ingest methamphetamine, multiple raw ingredients used in the manufacture of methamphetamine, and a stolen side-by-side ATV. [Heidler] lied to implicate another person . . . with his own criminal activity. While in possession of a stolen .22 caliber black composite rifle, he allegedly fired the weapon in [the victim's] direction and struck him on the back of the head as well as kicking the victim in the face. On July 7, 2020, [Heidler] attempted to evade law enforcement by vehicle, committing several traffic violations during a high-speed chase.[1]

Trial Court Opinion, filed 12/15/21, at 1-2.

Heidler entered an open guilty plea to Persons not to Possess Firearms, graded as a first-degree felony; False Reports to Law Enforcement; two counts of Receiving Stolen Property; Operating a Methamphetamine Lab; Possession of a Controlled Substance; Fleeing or Attempting to Elude Police Officer; Driving While Under Suspension; Driving on Right Side of Roadway; Stop Signs and Yield Signs; Driving Vehicle at Safe Speed; and Reckless Driving.[2] As a result of Heidler's guilty plea, the Commonwealth moved to *nolle prosequi*

---

[1] According to the transcript of the guilty plea, Heidler admitted to driving over 80 miles an hour on a gravel road. N.T., 7/8/21, at 22-23.

[2] Respectively, 18 Pa.C.S.A. §§ 6105(a)(1), 4906(a), and 3925(a); 35 P.S. §§ 780-113.4(a)(1) and 780-113(a)(16); and 75 Pa.C.S.A. §§ 3733(a), 1543(a), 3301(a), 3323(b), 3361, and 3736(a).

16 other counts, including two counts of Aggravated Assault. It also agreed to make a certain sentence recommendation to the court.

Prior to sentencing, the court ordered and reviewed a Pre-Sentence Investigation Report ("PSI"). Trial Ct. Op. at 7.[3] At the sentencing hearing, Heidler requested a sentence at the lower end of the standard range. Heidler also addressed the court, stating, "I take full responsibility for everything. I ask that you take into consideration what my lawyer has asked and that's it." N.T., 9/24/21, at 8. The Commonwealth stated it was not opposed to the low end of the standard range for some of the counts and that it was not opposed to concurrent sentences on other counts, for a recommended aggregate minimum sentence of 149 months. *Id.*

> Before imposing sentence, the court stated the following:
>
> In considering your sentence I'm taking into account your comments, the attorneys' comments, I reviewed probation's report, the criminal complaint, affidavit of probable cause, the report regarding your period of incarceration from the Warren County Jail.
>
> I can't imagine a greater threat to the community th[a]n a repeat felon on state parole possessing a firearm and operating a methamphetamine lab, and this is your second conviction for operating a methamphetamine lab.
>
> Your second offense has to do with you fleeing law enforcement because you know what's facing you at the end of it and you driving away from them at a high rate of speed.
>
> These are serious offenses. Your record as a repeat felon obviously elevates the guidelines as well.

---

[3] A copy of the PSI is not included in the certified record.

*Id.* at 8-9.

The court imposed the following sentences. For Persons not to Possess Firearms: 84 to 168 months' incarceration; for False Reports: six to 12 months' incarceration; for Operating a Methamphetamine Lab: 35 to 70 months' incarceration; for Possession of a Controlled Substance: six to 12 months' incarceration; for two counts of Receiving Stolen Property: 40 to 80 months' and 27 to 54 months' incarceration; and for Fleeing or Attempting to Elude Police Officer: 24 to 48 months' incarceration. The court imposed fines on the remaining counts. Each of the sentences of incarceration fell in the standard range of the sentencing guidelines. The court ran all periods of incarceration consecutively, such that the aggregate sentence was 222 to 444 months' (18.5 to 37 years') incarceration.

Heidler filed a post-sentence motion. The court held a hearing, at which it noted the sentences would run concurrently with the sentence imposed by another trial court. N.T., 10/22/21, at 6. It also stated,

> I disagreed with the Commonwealth on this one. I think [Heidler] will open his third meth lab the first opportunity he gets. His record as a repeat felon, his record through the years, his fleeing from police, he's convicted of operating a meth lab while he's on state parole for operating a meth lab. So, yeah, a message needs to be sent to him.

*Id.* at 8. The court denied the motion.

Heidler appealed. His sole issue is "Whether the [t]rial [c]ourt issued an excessive and unduly harsh sentence where the [c]ourt imposed consecutive sentences for each offense [Heidler] had plead[ed] guilty to and failed to take

- 4 -

into consideration [Heidler]'s rehabilitative needs and the non-violent nature and circumstances of the offenses?" Heidler's Br. at 10.

A criminal appellant does not have an automatic right to review of the discretionary aspects of a sentence. *Commonwealth v. King*, 182 A.3d 449, 453 (Pa.Super. 2018). An appellant seeking our review of discretionary sentencing claims must (1) timely appeal; (2) preserve the issue in the trial court; (3) include in the appellate brief a Pa.R.A.P. 2119(f) concise statement of the reasons for the appeal; and (4) present a substantial question in the Rule 2119(f) statement that the sentence is not appropriate under the Sentencing Code. *Id.*

Heidler filed timely notices of appeal, preserved his discretionary sentencing claims in a timely post-sentence motion, and included a Rule 2119(f) statement. In the statement, Heidler argues he raises a substantial question because he alleges the length of the aggregate sentence—222 to 444 months' incarceration—is clearly unreasonable and excessive, considering the non-violent nature of his crimes. Heidler's Br. at 21-24. Heidler also asserts the court's statements on the record prior to imposing sentence reveal that the court failed to consider his rehabilitative needs and the non-violent nature of the offenses, pursuant to 42 Pa.C.S.A. § 9721(b). *Id.* at 23-24. We have previously found that a claim of excessiveness in conjunction with a claim that the court did not consider relevant sentencing criteria poses a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272-74 (Pa.Super. 2013). We therefore turn to the merits of Heidler's claims.

Heidler argues, "A sentence may be unreasonable if the sentencing court fails to consider the rehabilitative needs of the defendant." Heidler's Br. at 27 (citing *Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007)); *see also id.* at 29 (citing 42 Pa.C.S.A. § 9721). He claims a consideration of his rehabilitative needs is lacking from the factors the court recited in open court. *Id.* at 29.

Heidler also likens his case to *Commonwealth v. Dodge*, 957 A.2d 1198, 1202 (Pa.Super. 2008). He argues that in that case, this Court held the imposition of consecutive, standard-range sentences on 37 counts of receiving stolen property—an aggregate of 52½ to 111 years' incarceration—was an abuse of discretion, due to the non-violent nature of the offenses and limited financial impact of the crimes. *Id.* at 27-28. Heidler contends that his aggregate sentence is similarly excessive given the fact that he pleaded guilty to "non-violent offenses with little financial impact." *Id.* at 28.

We will not disturb a sentence absent an abuse of discretion. *Walls*, 926 A.2d at 961. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citation omitted).

Further, where the court has imposed a sentence falling within the sentencing guidelines, we will only vacate and remand where "the case involves circumstances where the application of the guidelines would be

clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). In making this determination, we will consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). Our scope of review is plenary. **Walls**, 926 A.2d at 961 n.2.

The Sentencing Code requires the trial court to "follow the general principle that the sentence imposed should call for total confinement that is consistent with section 9725 (relating to total confinement) and the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). However, the court need not "parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b)." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa.Super. 2008). Rather, "the record as a whole must reflect due consideration by the court of the statutory considerations." **Id.** Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied. **Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 26 (Pa.Super. 2017)

(citing, *inter alia*, **Commonwealth v. Devers**, 546 A.2d 12, 18-19 (Pa. 1988)).

Here, the court had the benefit of a PSI report. We therefore presume the court weighed all relevant factors, including Heidler's rehabilitative needs. *Id.*

Moreover, the court's statements at sentencing do not reflect that the court neglected to consider Heidler's rehabilitative needs. Rather, the court considered that Heidler committed the offense of operating a methamphetamine laboratory while on state parole for that very same offense, and that Heidler's response to contact with law enforcement was to engage in a high-speed chase. The court posited that given these facts, upon Heidler's release, he is likely to reoffend.[4] The court therefore considered

_____

[4] The trial court's Rule 1925(a) opinion also expresses the court's consideration of Heidler's likelihood of reoffense in response to Heidler's claim of excessiveness:

> [Heidler]'s sentence is not unduly harsh considering the nature of the crimes. [Heidler] committed these crimes while on state parole, and he committed these crimes while in possession of a loaded illegal firearm. [Heidler] has a prior record going back to 2002 including a previous conviction for operating a methamphetamine lab in Erie County in 2017. He was on parole for that conviction at the time the present offenses were committed. . . .

> The Court reviewed the pre-sentence report prepared by the Warren County Probation Department and imposed an individualized sentence considering all relevant sentencing factors. [Heidler]'s prior state sentence for operating a methamphetamine lab did not dissuade him from committing the

*(Footnote Continued Next Page)*

Heidler's rehabilitative needs but concluded that Heidler is not amenable to rehabilitation. **See Commonwealth v. Goggins**, 748 A.2d 721, 732 (Pa.Super. 2000) (a record of prior police involvement goes to a defendant's amenability to rehabilitation, a factor the court must consider under 42 Pa.C.S.A. § 9721(b)).

Nor do we find grounds to disturb Heidler's sentence upon his claim that his offenses were "non-violent offenses with little financial impact." In **Dodge**, we found the imposition of 52½ to 111 years' incarceration clearly unreasonable, as "the life sentence [was] comprised largely of consecutive sentences for receiving stolen costume jewelry." 957 A.2d at 1202; **see also id.** at 1201 n.4 (discussing value of stolen items). Here, in contrast, Heidler's operation of a methamphetamine lab, possession of a firearm, and high-speed flight from the police posed life-threatening dangers to himself and others. And, while the precise value of the stolen firearm and ATV are not of record, it is evident they are worth more than the items at issue in **Dodge**.

Heidler's aggregate sentence of 18.5 to 37 years' incarceration is not clearly unreasonable given his criminal conduct, and the court did not abuse its discretion in imposing it.

---

same offense while under supervision. Nor did it prevent him from unlawfully possessing a firearm and eluding the police. The Court viewed [Heidler] as a significant danger to the community and saw nothing in the pre-sentence report or sentencing record that justified a "volume discount" and concurrent sentences.

Trial Ct. Op. at 7-8.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2022