J-S21016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN CHARLES HOUGHTALING | : | |
| | : | |
| Appellant | : | No. 175 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 12, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000339-2023

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED AUGUST 21, 2025**

Appellant, Ian Charles Houghtaling, appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas, following his open guilty plea to flight to avoid apprehension, recklessly endangering another person ("REAP"), evading arrest, and possession of drug paraphernalia.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On October 10, 2024, Appellant entered an open guilty plea to the aforementioned charges. On December 12, 2024, the court sentenced Appellant to an aggregate term of 30 to 72 months' imprisonment. On December 19, 2024, Appellant timely filed a post-sentence motion requesting

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5126, 2705, 5104.2(a), and 35 P.S. § 780-113(a)(32), respectively.

reconsideration of his sentence because the sentence is "in the high end of the standard range." (**See** Appellant's Motion for Reconsideration, 12/1/24, at 1). On December 20, 2024, the court denied Appellant's motion. On January 15, 2025, Appellant timely filed a notice of appeal and, that same day, the court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On January 28, 2025, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> Did the trial court abuse its discretion in sentencing [Appellant] to a total aggregate sentence of thirty (30) months to seventy-two (72) months of incarceration.
>
> Did the trial court abuse its discretion in denying the motion for reconsideration without a hearing.

(Appellant's Brief at 6).

In Appellant's issues combined, he argues that the court erred and abused its discretion by sentencing him in the high end of the standard range for the three most serious charges, which the court imposed consecutively. According to Appellant, his sentence reflects the "absolute highest range of the standard range," and he asserts that such a sentence was excessive and unreasonable. (**Id.** at 12). Appellant further complains that the court erred by denying his post-sentence motion without a hearing. As presented, Appellant's claim challenges the discretionary aspects of his sentence. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects

of sentencing); ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging

- 3 -

on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13.

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Austin, supra* at 808 (internal citations and quotation marks omitted). Nevertheless, a claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial

question to warrant appellate review. *Id*. at 435, 812 A.2d at 627.

Instantly, Appellant timely filed a notice of appeal and included in his brief a Pa.R.A.P. 2119(f) statement. In his post-sentence motion, Appellant argued that the court erred in sentencing him in the "high end of the standard range." (*See* Appellant's Motion for Reconsideration, 12/1/24, at 1). Appellant did not expressly challenge the court's imposition of consecutive sentences for some of the crimes at issue either in his post-sentence motion or at the sentencing hearing. Thus, Appellant's challenge to the imposition of consecutive sentences is waived. *See Evans, supra*. Even if properly preserved, Appellant's challenge to the imposition of consecutive sentences does not raise a substantial question warranting our review. *See Mouzon, supra*; *Austin, supra*.

Likewise, Appellant's bald excessiveness challenge as raised in his post-sentence motion does not raise a substantial question for our review. *See Mouzon, supra*.[2] On the grounds alleged, Appellant has failed to invoke this Court's jurisdiction to review his sentencing claims. *See id.*; *Evans, supra*. Based on the above, the court did not err in declining to hold a hearing on Appellant's post-sentence motion. *See* Pa.R.Crim.P. 720(B)(2)(b) (stating

---

[2] Although Appellant cites *Commonwealth v. Dodge*, 957 A.2d 1198 (Pa.Super. 2008), *appeal denied*, 602 Pa. 662, 980 A.2d 605 (2009) in support of his argument, that case is easily distinguishable. In *Dodge*, the court imposed what amounted to a *de facto* life sentence for non-violent offenses. *See id.* at 1202. Here, the court imposed an aggregate sentence of 30 to 72 months' imprisonment for multiple offenses, with eligibility for drug treatment services.

trial court shall determine whether hearing or argument on post-sentence motion is required); Pa.R.Crim.P. 720, *Comment* (stating there is no requirement that oral argument be heard on every post-sentence motion). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2025